H. L. HARKEY V. TEXAS EMPLOYERS INSURANCE ASSOCIATION.

No. A-1417. Decided February 18, 1948.
Rehearing overruled March 24, 1948.
(208 S. W., 2d Series, 919.)

*John J. Watts* and *Mike R. Mason,* both of Odessa, and *Rich-ard Critz,* of Austin, for petitioner.

*Whitaker, Turpin, Kerr, Smith & Brooks* and *Robert M. Turpin,* all of Midland, for respondent.

506

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit for workmen's compensation filed by H. L. Harkley, petitioner, against Texas Employers' Insurance Association, respondent. A trial court judgment for petitioner was reversed by the court of civil appeals and the cause was remanded to the trial court. 208 S. W. (2d) 915.

The questions for decision relate to the matter of good cause for the failure of petitioner to file with the Industrial Accident Board his claim for compensation within six months after he received his injuries; and they involve the construction and application of Rules 67, 90, and 279, T. R. C. P.

As good cause for failure to file his claim within the time required by law, petitioner alleged that "he was advised by the doctors for the defendant insurance carrier that his injuries were not serious and that he had recovered from same and was in perfect shape to return to work, and * * * that he did return to work and was able to work for a period of several months until on or about January 17, 1946, at which time he began having severe headaches and dizziness and discovered that his injuries were serious and thereupon he immediately filed claim for compensation * * *."

Petitioner testified that he did not file his claim within the six months' period because "Dr. Clayton told me I would be all right and could go back to work in about 30 days, or in 30 days, anyhow, and that I couldn't go back to work before that on account of my hand would be too sore"; that he believed Dr. Clayton and relied upon what he said; that he went back to work approximately four weeks from the time he got hurt and worked about a month, when he "began to feel worse and have headaches all the time, every day"; that his headaches grew worse but that he continued to work until some time in January, 1946, with a loss of only three or four days.

Respondent offered no objection that this testimony was not supported by petitioner's pleadings.

The issues submitting good cause were in substantial conformity with petitioner's testimony and were as follows:

"Do you find from a preponderance of the evidence that Dr. Clayton advised plaintiff that he was not seriously injured and could return to work in thirty days?"

"Do you find from a preponderance of the evidence that plaintiff relied upon such doctor's representations, if any, to such an extent that plaintiff refrained from filing claim for compensation sooner than same was actually filed?"

"Do you find from a preponderance of the evidence that plaintiff relying on said doctor's representations (if you have found that he did) constitutes 'good cause', as that term is defined herein, for not filing his claim for compensation sooner than same was actually filed?"

"By the term 'good cause' as used in this charge is meant whether or not the claimant has used in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as plaintiff was, would have used under the same or similar circumstances."

Respondent timely objected to each of these issues "because there is no pleading authorizing the submission of such issue."

In support of his contention that the judgment of the court of civil appeals should be reversed and that of the trial court affirmed, petitioner presents two points of error. The first is that since his testimony as to good cause was admitted without objection and since no exception was taken to his petition for failure affirmatively to allege reliance upon the advice of Dr. Clayton, the issues were tried by implied consent of the parties and must be treated as if they had been alleged in his petition, under Rules 67 and 90, supra.

■ There are several distinct factual bases for good cause under Art. 8307, sec. 4a, R. S., 1925. Claimant's belief in good faith that his injuries are not serious is one, provided a reasonably prudent person in the same or similar circumstances would have delayed filing his claim. Texas Employers' Insurance Association v. Clark (Civ. App.), 23 S. W. (2d) 405 (er. dism.). And while such belief continues, the fact that almost constant pain exists does not affect the issue; since pain and suffering are not compensable. Texas Employers' Ins. Ass'n. v. Roberts, 135 Texas,

123, 139 S. W., (2d), 80. Advice from a physician that his injuries are not serious constitutes good cause for failure to file a claim within the prescribed time, provided the claimant, in the exercise of ordinary care, believes and relies upon that advice. *Consolidated Underwriters v. Pruitt* (Civ. App.), 180 S. W. (2d) 461 (er. ref., want merit).

His allegations showed clearly that petitioner was basing his excuse for the tardy filing of his claim on *his own belief* that his injuries were not serious, under the factual situation dealt with in the Clark and Roberts cases, supra. Although he did allege that respondent's doctor advised that his injuries were not serious and that he was in perfect shape to return to work, the remainder of his allegations are inconsistent with any idea that he returned to work because he believed and relied on what the doctor told him. On that point he says: "Plaintiff alleges that he did return to work *and was able to work for a period of several months,* until on or about January 17, 1946, *at which time he* began having severe headaches and dizziness and *discovered that his injuries were serious* * * * and plaintiff pleads the foregoing facts as constituting good cause for failing to file claim for compensation sooner than same was actually filed." (Italics ours.)

■ Yet his testimony presented a clear case of good cause under the Pruitt case, supra, that is, that the doctor told him he would be all right and could go back to work in about 30 days but not earlier; that he *believed the doctor and relied upon what the doctor said;* that he went back to work in about four weeks after he got hurt and worked until some time in January, 1946, with the loss of only three or four days; but that about a month after he returned to work he began to have headaches every day and that the headaches grew worse until he quit.

Thus it is clear that petitioner alleged one group of facts recognized as constituting good cause and proved another. But he seeks to avoid the consequences of that situation on the theory that the issue proved was tried by the implied consent of respondent under Rules 67 and 90, supra, because the latter neither objected to the testimony as to reliance upon the advice of Dr. Clayton nor excepted to petitioner's pleading for its failure to allege such reliance. We do not believe that the rules sustain that contention.

Rule 67 says that when issues not raised by the pleadings are tried by the express or implied consent of the parties, they

shall be treated as if they had been treated in the pleadings; that when unpleaded issues are so tried by consent of the parties the court may permit the pleadings to be amended so as to conform them to the evidence and to raise the issues, upon motion of any party at any time before submission of the case to the court or jury; but that failure so to amend shall not affect the result of the trial of such issues not pleaded but tried by consent.

We see nothing in that language to support the contention that respondent consented to the trial of the unpleaded issue of good cause based on reliance on the advice of Dr. Clayton. While it is true that it made no objection to the testimony to that effect, nevertheless it did object to the submission of the three issues covering that question, on the plainly stated ground that "there is no pleading authorizing" that submission. Certainly issues are not *tried* merely by the hearing of the testimony thereon; submission to the jury undoubtedly is part of the process. So, although the complaining party does not object to the testimony on the issues but does object to their submission on some tenable ground, he cannot be regarded as impliedly consenting that they be tried when not raised by the pleadings, as contemplated by Rule 67.

Moreover, as respondent forcefully suggests, all the testimony by petitioner as to reliance on the advice of Dr. Clayton amounted to a failure to prove his alleged ground of his own belief that his injuries were not serious. Under those circumstances, we do not think respondent was called on to object; but when, after no proof on the alleged ground had been offered, the court tendered the parties a charge submitting the proved but unpleaded ground, respondent made the obvious objection that it was not supported by any pleading. No consent by implication could arise from that situation.

■ It is suggested that the objection was not specific enough to call the court's attention to the variance. If the pleading in question had been long and involved or of difficult and doubtful meaning, or if the testimony had been of like character so that the court's time would have been unduly consumed in weighing the force of the objection, the suggestion would have merit. But the allegation of good cause was pointed, brief, concise; the testimony briefly, clearly and unequivocally presented a wholly different state of facts. Under those circumstances we think the vice in the charge was sufficiently called to the court's attention.

■ Rule 90 has no application to the question before us. It deals with defective pleadings. There was nothing wrong with petitioner's pleadings; the trouble arose from the failure of the proof to correspond thereto.

We have considered all the cases cited by petitioner on his contention of trial by implied consent and have decided that they have no application to the fact situation of this case. In Conner v. Boyd (Civ. App.), 176 S. W. (2d) 212 (er. ref., want merit), no objection was made "to any part of the court's charge as submitted to the jury." In Tew et al v. Griffith (Civ. App.) 187 S. W. (2d) 408 (er. ref., want merit), not only was there no objection before the issues were submitted to the jury but there was none prior to rendition of judgment. In Texas Osage Co-Op Royalty Pool v. Kemper (Civ. App.), 170 S. W. (2d) 849 (er. ref.), and Litterst v. Edmonds (Civ. App.), 176 S. W. (2d) 343 (er. ref., want merit), no objection was interposed before judgment. In Thompson et al v. Haney (Civ. App.), 191 S. W. (2d) 491, and Consolidated Underwriters v. Christal et al (Civ. App.), 135 S. W. (2d) 127 (er ref.), no objection was made in the trial court. Those facts furnished a solid basis for the theory of trial by implied consent.

■ Petitioner's second point is: "Since the jury was nowhere informed that a claim for compensation must have been filed within six months or else that good cause would have to be shown up to the time of the filing of the claim the respondent's failure to object to a failure to give the explanatory instruction as to the length of time in which to file his claim constitutes a waiver under Rule 279 by respondent's failure to submit such issue and explanatory matter in substantially correct wording in writing and tendered to the Court."

In the first place, we do not understand that respondent makes such contention as that suggested in this point. Moreover, that petitioner was required to file his claim within six months of his injury or plead and prove good cause for not doing so up to the time he actually did file it, was a proposition of law which the court was not called upon to state to the jury. That he did not file it within six months was admitted, hence the issue was whether he had good cause for not doing so. As to that issue he pleaded his own belief that he was able to work; he proved reliance upon a doctor's advice that he was able to work. Certainly in that situation there would be no occasion or justification for giving an explanation of the law referred to in the point, in submitting either ground of good cause to the

jury. Therefore, we see no waiver by respondent under Rule 279, and we overrule the point.

The judgment of the court of civil appeals is affirmed.

Opinion delivered February 18, 1948.

Rehearing overruled March 24, 1948.