Marion Patrick TEAGUE, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 11089.

Court of Civil Appeals of Texas.

Austin.

May 15, 1963.

Rehearing Denied May 29, 1963.

Lon D. Herbert, Perkins, Floyd, Davis & Oden, Alice, for appellant.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellee.

PHILLIPS, Justice.

This is a workman's compensation case in which the Trial Court granted appellee insurance-carrier's motion for summary judgment. Judgment for appellee was entered on the pleadings, depositions and request for admissions that were before the court.

Appellant Teague bases his appeal on one point of error in that there is a material issue of fact to be determined as to whether or not there was good cause in his having failed to file his claim for compensation within six months after the occurrence of an injury he alleges to have sustained within the meaning of Article 8307, Sec. 4a, Vernon's Civil Statutes.

Article 8307, Sec. 4a, V.C.S., requires that claims for compensation under the Workmen's Compensation Act be filed within six months "after the occurrence of the injury", provided that, "For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board."

The material facts are not disputed.

On April 21, 1960, appellant was working for a drilling company in the oil fields. In jumping from a pipe rack he hurt his back. Appellant filed his claim for compensation January 27, 1962, some twenty-one months later.

Appellant alleges that a few days after the alleged injury occurred he visited a Dr. Virgin in Alice, Texas, who made x-rays and advised him to wear a brace. Appellant wore the brace prescribed until June of 1960 at which time appellant again consulted Dr. Virgin as he continued to be in severe pain and obtained no relief from the brace. Dr. Virgin referred appellant to a

Dr. Ahern, an orthopedist. During the same month of June appellant visited Dr. Ahern who examined the x-rays made by Dr. Virgin, advised appellant that he had a congenital anomoly in his back that he was born with, that the jump from the pipe rack had caused only a slight sprain which would clear up in time and was not serious.

Appellant continued to work from the time he visited Dr. Ahern until December 29, 1961, at which time appellant alleges that the pain became unbearable and he had to quit his job. At this time he sought another appointment with Dr. Ahern. On January 8, 1962 a Dr. Upshaw, Dr. Ahern's partner, examined appellant and advised him that he had a slipped disc resulting from an injury he had received in jumping from the pipe rack in April of 1960.

Appellant employed counsel on January 17, 1962 and his claim for insurance was filed on January 27, 1962.

Between appellant's visit to Dr. Ahern in June of 1960 and his visit to Dr. Upshaw in January of 1962, appellant complains that he was in severe pain. Appellant testified by deposition that Dr. Ahern told him that his "back was growed out of joint and there wasn't nothing he could do about it," that "it would clear up." That he continued to wear his brace, got his pain pill prescription given him by Dr. Ahern refilled from time to time. That he quit wearing his brace some six months after his injury; that during this time he complained to the toolpusher and the office that his back was hurting like blazes, that his back was hurting him constantly, every day during this entire interval, that he awakened with his back hurting every morning, went to sleep with his back hurting every night.

Appellant contends that his failure to do anything about his back between his visit to Dr. Ahern in June 1960 until he made an appointment to see Dr. Ahern again in December of 1961 was that he re-

lied on Dr. Ahern's statement that his back was not hurt badly but that his condition was partly caused by a congenital condition that he would have to learn to live with.

■ Appellant seeks to bring himself under the rule announced in such cases as Texas Employer's Insurance Association v. Clark, Tex.Civ.App., 23 S.W.2d 405, writ dism., Texas Employer's Insurance Association v. Roberts, 135 Tex. 123, 139 S.W.2d 80, and Harkey v. Texas Employer's Association, 146 Tex. 504, 208 S.W.2d 919, where it has been held that a good faith belief that injuries are not serious, but are trivial, will constitute good cause for delaying the filing of a claim for compensation and the fact that almost constant pain exists does not affect the issue. These cases state the rule that such belief that the injury was not serious must be such as would have been entertained by a reasonably prudent person under the same or similar circumstances.

■ We believe that the appellant has brought his case under the abovementioned rule and that he has presented a fact situation that should go to the jury.

In the Roberts case, cited above, the Commission of Appeals in an opinion adopted by the Supreme Court quoted from the Clark case also cited above: "That the employee did not believe his injuries to be serious would clearly afford a good cause for not giving notice and filing claim until it was learned that they were serious. Compensation is not provided for pain and suffering, but for loss of wages, and there would arise no necessity for giving notice or filing a claim so long as the employee lost no time from his work, but believed his injuries were trivial."

We have examined the pleadings in this case as well as appellant's deposition and cannot find that appellant had any symptoms other than constant pain to warn him that he might have been injured in a man-

ner other than the trivial injury first reported to him by the doctor, complicated by what the first doctor he saw said was a congenitally deformed back. Appellant did not lose time from work until he alleges that he had to quit his oil field job in December 1961. He immediately made arrangements to see a doctor and filed his claim forthwith.

Appellee defends its position under the holdings in such case as Copinjon v. Aetna Casualty & Surety Co., Tex.Civ.App., 242 S.W.2d 219, writ refused; Texas Employers' Ins. Ass'n v. Portley, 153 Tex. 62, 263 S.W.2d 247; Sandage v. Traders & General Insurance Co., Tex.Civ.App., 1940, 140 S.W.2d 871, error refused. These cases are not controlling here because in each of these cases where the court held that the facts constituting the delay had not constituted good cause there were physical symptoms present in addition to the pain suffered by the claimant. In the Copinjon case, the claimant in addition to havin constant back pain, walked at a forty-five degree angle and couldn't straighten up. In the Portley case, the claimant failed to file his claim on time even though his leg became noticeably diseased following a cut on his foot that had become infected. The Sandage case involved a back injury however in addition to the pain claimant's back was swollen on the night after his injury and there was a large knot on the right side. In these cases the court held that claimants could not rely on the fact that they believed their injuries to be trivial as they had enough information to have warned a reasonably prudent person otherwise.

Since this case is before us on a summary judgment proceeding and there is a fact situation as to good cause in failing to file a claim, we must reverse and remand this case for trial. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

Reversed and remanded.