**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Appellant,**

**v.**

**Robert Lee FRANKS, Appellee.**

**No. 3873.**

Court of Civil Appeals of Texas.

Eastland.

May 8, 1964.

Rehearing Denied May 29, 1964.

Elliott & Nall, Ralph Elliott Sherman, William A. Thie, Denison, for appellant.

Helm, Jones & Pletcher, George E. Pletcher, Houston, Slagle & Kennedy, Robert C. Slagle, Jr., Sherman, for appellee.

GRISSOM, Chief Justice.

Robert Lee Franks sued Missouri-Kansas-Texas Railroad Company for damages sustained in the derailment of a railroad car. Judgment was rendered for Franks and the defendant has appealed.

■■ Franks' allegation of injury was merely that he suffered "serious and probably permanent bodily injuries." This allegation was excepted to, among other things, because it did not apprise the defendant of the nature of the injury claimed. Appellee's allegation of negligence was simply that his injury "resulted from the negligence and carelessness of the defendant." That allegation was excepted to because it was indefinite, a conclusion and that it did not apprise the defendant of what it would be called upon to meet in its defense. Said exceptions were overruled. The court erred in overruling them. Although the exceptions were not presented until the day the case was set for trial by a jury and the court might possibly have been justified in then refusing to consider them, it did consider them and overruled them.

■ The only issue of negligence submitted, the answer to which is essential to support the judgment, was whether the defendant was negligent in operating its train at the speed shown. It was submitted over the objection that there was no pleading to support it. It was not pleaded and the court erred in submitting it over the objection made.

■■ Appellee says that reversible error is not shown; that to obtain a reversal appellant has the burden of showing not only that an error was committed but, also, that it probably caused the rendition of an improper judgment. We agree with such statements of the law. But, we cannot agree with appellee's contention that we should presume that the issue of speed was tried by consent. If appellant had filed a statement of facts, which it did not, and it showed that evidence of speed was introduced without objection, we still could not hold that the issue was tried by consent. Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919.

■ Decisions of our Supreme Court compel the conclusion that said issue was not tried by consent and that its submission over the proper objection that it was not pleaded constituted reversible error. That question was decided in Texas Employers' Insurance Association v. Harkey, Tex.Civ. App., 208 S.W.2d 915, 918. The Court of Civil Appeals specifically held that submission of an issue which is an essential basis for the judgment and which was not pleaded, over the objection that it was not pleaded, constitutes reversible error. In that case, Harkey v. Texas Employers' Insurance Association, 146 Tex. 504, 208 S.W.2d 919, the Supreme Court held that although appellant did not object to the testimony relative to such an issue but did object to its submission because it was not pleaded it could not be held that the issue was tried by consent. In that case the defendant offered no objection to testimony on such an essential issue. But, it did object to its submission because it was not pleaded. The Supreme Court held that the issue could not be presumed to have been tried by consent

and that submission of such unpleaded essential issue over proper objection constituted reversible error. That holding was substantially reiterated by our Supreme Court in Matthews v. General Accident Fire & Life Assurance Corporation, Ltd., 161 Tex. 622, 343 S.W.2d 251, 255. Under said decisions the submission of said issue constituted reversible error.

Appellant's fourth point asserts error in the manner of submission of the issue of proximate cause. We do not approve the manner in which it was submitted. However, under the decisions in Page v. St. Louis Southwestern Railway Company, 312 F.2d 84, Rogers v. Missouri Pacific Ry. Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed. 2d 493, and Missouri Pacific Railway Company v. Sims, 350 S.W.2d 405, (Ref. N.R. E.), we think such submission did not alone constitute reversible error

The judgment is reversed and the cause is remanded.