**PURSELLEY INDUSTRIES, INC. and T. Vincent Purselley, Appellants,**

v.

**C.B. ENGLE, Appellee.**

No. 12–84–0156–CV.

Court of Appeals of Texas, Tyler.

July 28, 1986.

Rehearing Denied Sept. 18, 1986.

H.P. Smead, Longview, for appellants.

William J. Gardner, Longview, for appellee.

Before SUMMERS, C.J., and COLLEY and BILL BASS, JJ.

COLLEY, Justice.

S.A. Rolfe, the original plaintiff below,[1] sued T. Vincent Purselley on a promissory note in the original sum of $90,000. T. Vincent Purselley, hereinafter Purselley, and Purselley Industries, Inc.,[2] hereinafter Corporation, as third party plaintiffs/appellee, filed an action against C.B. Engle, third party defendant/appellee, hereinafter En-gle, to recover monies allegedly due them under a contract of sale covering the transfer of certain real and personal properties. Engle filed a counterclaim alleging debts due him by Purselley and the Corporation aggregating some $352,000.00. The cause was tried before a jury, and based on its verdict, the trial court rendered a judgment awarding S.A. Rolfe $124,875.00 over and against Purselley, awarding Engle attorney's fees in the amount of $10,000.00 against Purselley and the Corporation, and decreeing that Purselley and the Corporation take nothing on their third party action against Engle. All costs were adjudged against Purselley and the Corporation jointly and severally.

Purselley and the Corporation appeal only from that part of the judgment rendered in favor of Engle on his counterclaim against them which decreed that Purselley and the Corporation take nothing on their third party action against Engle. We affirm in part and reverse and remand in part.

The appellants present nine points of error. All but one of these points are referable only to Purselley individually. That one point, point two, alleges that the court erred in disregarding the jury's responses to Special Issues 6, 7, 8, 9 and 10.

A brief summary of the facts is necessary to a proper understanding of our opinion. On September 1, 1979, Engle entered into a contract of sale with the Corporation, which acted by and through its president, Purselley. Under the agreement Engle sold to the Corporation certain real and personal properties, comprising a business then owned and operated by Engle. The contract recited consideration to Engle from the Corporation of $400,000.00, $100,-000.00 in cash and a promissory note signed by Purselley as president of the corporation in the principal sum of $300,-000.00. The note was payable in 180 monthly installments. On December 8, 1980, Purselley, individually, signed a promissory note in favor of plaintiff Rolfe

---

1. Rolfe is not a party to this appeal.

2. Not an original party defendant at trial.

in the sum of $90,000.00 payable to Rolfe on demand.

On June 19, 1981, Purselley and the Corporation, acting by Purselley as president, entered into a contract of sale with Engle. Under its terms, Engle was, in essence, "buying back" the business and properties sold by him to the Corporation on September 1, 1979. This contract[3] recited in part:

> Consideration for the sale of this property shall be the assumption of certain liabilities of Purselley Industries, Inc., more specifically described as follows:
> Notes Payable:

| | |
|---|---|
| Longview Bank and Trust | $119,000.00 |
| Longview Bank and Trust | 35,000.00 |
| Sam Rofe [sic] | 90,000.00 |
| Total Notes Payable | $244,000.00 |

> Accounts Payable:

| | |
|---|---|
| Internal Revenue Service | $ 37,000.00 |
| Hocker Industries | 7,200.00 |
| Garman Industries | 18,000.00 |
| Trade Accounts Payable | 9,000.00 |
| Other Accounts Payable | 8,000.00 |
| Total Accounts Payable | $ 79,200.00 |
| TOTAL LIABILITIES: | $323,200.00 |

The jury found in response to Special Issues 6, 7, 8, 9 and 10 that Engle "represented" to Purselley and the Corporation that he "would assume and pay" the various debts of the Corporation in accordance with the 1981 contract (Special Issue 6); "this representation was false" (Special Issue 7); Purselley and the Corporation "relied upon the representation" (Special Issue 8); that the "representation ... was material" (Special Issue 9); and "at the time such representation was made [Engle] did not intend to assume and pay...." the same (Special Issue 10). The subjects inquired about in these issues were contractual in nature. Engle was bound to assume and pay the debts listed in the 1981 contract. Regardless of whether the findings are supported by some evidence, each

is nonetheless immaterial to the dispute here presented. The judgment rendered took into account the aggregate amount of the debts assumed by Engle under the contract. Point two is overruled.

The merits of the remaining points of error depend upon whether the trial court was justified in "piercing the corporate veil" and subjecting Purselley to personal liability for the Corporation's debt to Engle. If the court was so authorized, then the points are without merit. Purselley generally alleges in his first point that the court erred "in failing to render judgment" for him against Engle in the sum of $217,-391.32.[4] By points three and four, Purselley contends the court erred in allowing an offset for Engle of the Corporation's debt to Engle against "the indebtedness of C.B. Engle to [Purselley]" because Engle had no pleading, offered no proof, and secured no jury finding that the Corporation was the "alter ego" of Purselley. Purselley urges by his fifth point of error that the trial court erred "in making an implied finding" in support of the judgment. In points six through nine, Purselley complains that the trial court erred in awarding Engle attorney's fees, in disallowing his attorney's fees, and in adjudging the costs against him.

We first address points three and four. Tex.R.Civ.P. 301[5] requires that a judgment "shall conform to the pleadings, the nature of the case proved, and the verdict." Under that Rule, absent a trial of unpleaded issues by implied consent,[6] an award of judgment on a theory not pleaded is erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex.1983). Under Rule 67, when unpleaded fact issues are "tried ... by implied consent of the parties, they should be treated in all re-

---

3. Defendant's Exhibit 7.

4. In his argument under the point, and in his prayer for relief, Purselley requested judgment for only $209,662.32; apparently allowing an offset in the amount of $7,729 that was found by the jury in its answer to Special Issue 17 to be the balance due on a note Purselley executed personally in favor of Engle.

5. All references hereinafter to "Rules" are to the Texas Rules of Civil Procedure unless otherwise indicated.

6. In accordance with Tex.R.Civ.P. 67. *See Oilfield Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183 (Tex.1964).

spects as if they had been raised in the pleadings." [7] We find no allegation raising the alter ego theory, i.e., claiming that Purselley's acts and conduct, in the transaction giving rise to dispute, justify holding him responsible for the Corporation's debt to Engle. We do conclude, however, that the proof at trial conclusively establishes that Purselley used the Corporation to perpetuate a fraud and to escape from personal liability on the Rolfe note. *See Torregrossa v. Szelc,* 603 S.W.2d 803, 804 (Tex.1980); *Pace Corp. v. Jackson,* 155 Tex. 179, 284 S.W.2d 340, 351 (1955). The documentary evidence [8] alone forecloses any factual dispute that Purselley falsely represented in the 1981 contract that the Rolfe note was the Corporation's debt. Such deception was obviously used by Purselley to escape personal liability. Thus if such theory had been pleaded by Engle, the judgment could be affirmed. The next question then is, although that theory was not pleaded, was the "alter ego" theory *tried* by the implied consent of the parties? We conclude that it was not. In this case, the evidence that established that defensive theory conclusively was also admissible under other pleadings in the case not related to the "alter ego" doctrine. *See Harrison v. City of San Antonio,* 695 S.W.2d 271, 277 (Tex. App.—San Antonio 1985, no writ); *Watts v. Watts,* 563 S.W.2d 314, 316 (Tex.Civ.App.— Dallas 1978, writ ref'd n.r.e.). We sustain Purselley's contention in points three and four that the judgment is not supported by Engle's pleadings. Rule 301. Because our disposition of Purselley's third and fourth points requires a retrial of the disputed issues between Purselley and Engle, we overrule Purselley's remaining points.

That portion of the judgment below awarding the original plaintiff Rolfe recovery over and against Purselley, and the judgment in favor of Engle for attorney's fees in the amount of $10,000.00 against the Corporation, are severed and affirmed. All costs incurred in the trial court respecting the suit by Rolfe against Purselley are adjudged against Purselley, and all remaining costs are adjudged against the Corporation. The judgment in all other respects is reversed. Because the case was defended by Engle on an erroneous theory, and further because the evidence shows that he is entitled to some monetary damages and relief against Purselley, in the interest of justice, we remand the cause for a new trial of the disputes between Engle and Purselley individually. Costs of this appeal are adjudged against Engle.

---

7. *Caveat,* even though a party makes no objection to evidence offered on unpleaded issues, the issues are not tried by consent if that party objects to the submission of the issues to the jury on the ground that his adversary's pleadings do not support the submission. *See Harkey*

*v. Texas Employers' Ins. Ass'n,* 146 Tex. 504, 208 S.W.2d 919, 922–923 (1948).

8. Plaintiff's Exhibit No. 1 and Defendant's (Purselley) Exhibit No. 7.