Esteban ESCAMILLA, Appellant,

v.

The ESTATE OF Anselmo Garza ES-
CAMILLA by Independent Executor
Rito ESCAMILLA and Bruna Escamil-
la, Appellee.

No. 13–90–287–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1991.

Sam R. Fugate, Fugate & Hitchens,
Kingsville, for appellant.

Richard J.W. Nunez, Robertson & Nu-
nez, Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES
and HINOJOSA, JJ.

OPINION

BENAVIDES, Justice.

Esteban Escamilla appeals a judgment in
favor of his father's estate and his mother
which, among other things, set aside a deed
conveying one acre of the Escamilla family
farm to him. By two points of error, appel-
lant contends that no pleadings and no
evidence support the portion of the judg-
ment setting aside the deed. We reverse
the trial court's judgment.

The record reveals that Anselmo Escam-
illa, Sr.; and Bruna Escamilla, his wife,
owned twenty acres of farmland in Camer-
on County. Their house was located on the
twenty-acre tract. Anselmo, Sr., and Bru-
na gave one acre to each of their three
sons, Anselmo, Jr., (Junior), Rito, and Este-
ban. The acres conveyed to Junior and
Rito were clear of improvements, while the
house was located on the acre conveyed to
Esteban.

On January 1, 1985, after the one-acre
conveyances, Anselmo, Sr., died. Esteban
lent money to his mother and Rito to pay
for Anselmo's funeral expenses. In ex-
change for the money, Bruna agreed to
allow Esteban to farm the property and to
credit any rent he would owe her to the
debt for the funeral expenses. Esteban
began farming the property in 1985.

Sometime in 1986 or 1987, Bruna left the house on the acre initially deeded to Esteban and moved into Rito's family's home. Around that time, Esteban's family moved into the farm house which Bruna had left.

On March 12, 1987, Rito, as independent executor of Anselmo's estate, probated Anselmo's last will and testament. On March 18, 1987, Rito, in his representative capacity as independent executor of Anselmo's estate, helped Bruna, in her individual capacity, file a second deed purporting to change the designation of which acre of the twenty acres Bruna and Anselmo deeded to Esteban.

In January, 1988, Bruna and the estate, represented by Rito, (hereafter "Escamillas"), filed suit against Esteban to get him off the property and have it returned to Bruna. The property was described as a seventeen-acre tract. Esteban answered with a general denial.

Subsequently, on May 24, 1988, Esteban amended his answer with an action for injunction against the Escamillas and third party, Cameron County Irrigation District No. Two., because Rito had requested that the irrigation water service be terminated. Esteban also filed a cross-action against Rito and Bruna for the funeral expenses less the balance of any accrued rent which may be due, if Rito and Bruna are successful in ousting him from the property. He further sought damages for any losses incurred as a result of withholding the irrigation water and a permanent injunction preventing Rito and Bruna from further interfering with his use of the property or the furnishing of irrigation water to the property.

Later, the case was tried to the court and the trial court entered judgment, ordering that the deed from Anselmo Escamilla and Bruna Escamilla to Esteban Escamilla, dated April 12, 1984, and filed in the Cameron County Deed Records be set aside, voided and held for naught, and that in its place and stead be the deed from Bruna Escamilla, a/k/a Bruna Gonzalez Escamilla, Individually and as Independent Executrix of the Estate of Anselmo Garza Escamilla, deceased, dated March 18, 1987, and filed

in Cameron County. Esteban was also ordered to vacate the property. The trial court also ordered a permanent injunction preventing the parties from any contact with each other. On appeal, Esteban attacks only the portion of the judgment setting aside the 1984 deed.

■ By his first point of error, Esteban contends that the trial court erred in issuing the judgment which set aside the deed from Anselmo, Sr. and Bruna to him, dated April 12, 1984, because the pleadings in this cause do not support such a judgment. By his second point of error, Esteban contends that the trial court erred in issuing a judgment setting aside the deed in that no evidence supported the judgment. A judgment cannot stand unless it is supported by both pleadings and evidence. *Jennings v. Texas Farm Mortgage Co.*, 124 Tex. 593, 80 S.W.2d 931 (1935); *Lyles v. Johnson*, 585 S.W.2d 778, 782 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); Tex. R.Civ.P. 301; *see also Villalon v. Vollmering*, 676 S.W.2d 220, 222 (Tex.App.—Corpus Christi 1984, no writ).

## PLEADINGS

■ In this case, the Escamillas pleaded that Esteban had converted real and personal property, namely a farm and a house, located on a seventeen-acre tract belonging to Bruna, his mother, and that he had destroyed the house. The Escamillas' pleading referred to the land which Bruna inherited from Anselmo upon his death and to the agreement she and Esteban had regarding the lease for farming, and complained of Esteban assuming control and dominion over the land in August, 1985, the date that Esteban began farming under the lease agreement. The petition referred to Anselmo, Sr.'s will as evidence of Bruna's right to the property but had attached a copy of Bruna's 1987 will, not Anselmo's. Also attached to the petition was a copy of the original warranty deed for the initial twenty acres; the deed was in the names of Bruna and Anselmo, Sr. The Escamillas complained that on or about May, 1987, Esteban took over the residence of his mother by fraud and destroyed it. The

Escamillas further complained that Esteban did not return the property upon demand and did not give an accounting of expenditures and profits made on the land by farming. In their prayer for relief, the Escamillas asked for actual and exemplary damages, interest, and the "[r]eturn of the realty and residence to Plaintiffs."

The pleadings make no reference to the deed from Anselmo and Bruna to Esteban. Furthermore, none of the dates listed in the petition relate to either the initial deed from Anselmo and Bruna or to the corrected deed.

At trial, Esteban's attorney objected when the Escamillas' attorney attempted to elicit testimony related to the correction deed and again when he attempted to have the deed admitted. Each time, Esteban's attorney objected on the grounds that the Escamillas' attorney was attempting to reform a deed and there were no pleadings regarding reformation of the deed.

The Escamillas' attorney did not request a trial amendment regarding reformation of the deed but instead contended that the assertion in the pleading that Esteban took over the residence by fraud covered the deed reformation issue. The trial judge allowed the testimony and deed into evidence.

When the allegation regarding fraud is taken in context it cannot be read broadly enough to include deed reformation. The full sentence is: "Plaintiffs will further show that on or about May, 1987, Defendant took over the residence of his mother BRUNA GONZALEZ ESCAMILLA by fraud, and destroyed said residence." The initial deed giving Esteban the one acre with the house on was executed before January 1, 1985. There is absolutely no pleading which refers to or which can be construed to refer to any allegations asserting a cause of action or grounds to set aside or reform the pre–1985 deed.

■ A judgment which is not supported by the pleadings is erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex.1983). A party may not be granted relief in the absence of pleadings to support that relief. *Id.* When issues not raised in the pleadings are tried by either express or implied consent of the parties, however, they shall be treated in all respects as if they had been raised in the pleadings. *Bunnett/Smallwood & Co. v. Helton Oil Co.*, 577 S.W.2d 291, 294 (Tex. Civ.App.—Amarillo 1979, no writ); *see Purselley Indus., Inc. v. Engle*, 717 S.W.2d 662, 665 (Tex.App.—Tyler 1986, writ ref'd n.r.e.). In this case, we do not find that the cause of action as pleaded by the Escamillas to be sufficient to empower the court to render a judgment setting aside the 1984 deed. The pleadings do not address this deed directly, the dates referenced in the pleadings do not relate to the deeds referred to in the judgment, and the pleading cannot be read so broadly that it encompasses the setting aside of the deed. Furthermore, there were no trial amendments to the pleadings which support the judgment and, with Esteban's specific objections at trial, we cannot say that setting aside the deed or reformation of the deed was tried by consent. To hold that the pleadings do support the judgment would be untenable. We find that the pleadings do not support the judgment. Esteban's first point of error is sustained.

### EVIDENCE

There is scant evidence regarding the circumstances surrounding Anselmo's conveyance of the original deed, which viewed in the best light might support grounds for setting aside his conveyance. However, we find no evidence that would support setting aside the conveyance of Bruna's interest. Even if the evidence regarding the circumstances of Anselmo's signing were sufficient to set aside his conveyance, that evidence will not cure the failure of a judgment to conform to pleadings. *Hays Consol. Indep. School Dist. 'v. Valero Transmission Co.*, 645 S.W.2d 542, 545 (Tex.App. —Austin 1982, writ ref'd n.r.e.). Esteban's second point of error is sustained.

■ Since the record shows that Rito and Bruna mispleaded their case and there is reversible error, justice requires that we remand the case for a new trial. *See Carr*

*v. Norstok Bldg. Sys.*, 767 S.W.2d 936, 944–45 (Tex.App.—Beaumont 1989, no writ).

The trial court's judgment is reversed and the case is remanded to the trial court for a new trial.