COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-294-CV

 

 

ROBERT CROWSON                                                             APPELLANT

 

                                                   V.

 

STEVE BOWEN                                                                    APPELLEES

AND LEIGH BOWEN                                                                             

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. 
Introduction

In one
point, Appellant Robert Crowson appeals the trial court=s take
nothing judgment on his negligence claim against Appellees Steve and Leigh
Bowen (collectively Athe Bowens@).  We affirm.

 

 








II. 
Factual and Procedural History

Crowson
filed suit against the Bowens, claiming he was the victim of a dog attack
proximately caused by the Bowens=
negligent failure to secure their rottweiler, Roxy.  The Bowens entered a general denial. 

At the
time of the incident, Crowson lived next door to the Bowens in a shed behind
Howard Koon=s house.  Two fences separated the Bowens= yard
from Koon=s yard.  The Bowens had a four-foot chain-link fence
surrounding their property, and Koon had a wooden fence that was missing a
number of planks around his.  

At
trial, Crowson testified that he walked along a path between the shed and Koon=s house
several times a day for various reasons, including to use Koon=s shower
and restroom.  According to Crowson, on
one of those occasions and without provocation from him, Roxy jumped over the
Bowens=
chain-link fence, entered Koon=s yard
through one of the gaps in the wooden fence, and bit him on the nose.  The Bowens testified that Roxy was no more
than two feet six inches tall, had hip dysplasia, and could not jump to the top
of the chain-link fence. 








The
trial court admitted Crowson=s
medical records pertaining to the bite. The records contained notes written by
a nurse that read, Aper EMS:  [patient] drinking [with] friends, neighbor
on vacation, [patient] doesn=t like
dog, started shooting [with] bebe [sic] gun, got too close to dog, dog bit him.@  Crowson admitted drinking at least eight
beers before the incident but maintained that he did not shoot the BB gun until
after Roxy bit him.   

At the
charge conference, Crowson objected to the submission of his negligence to the
jury, arguing that neither the evidence nor the pleadings supported the
question.  Over Crowson=s
objections, the trial court submitted the following question to the jury: 

Did the negligence, if any, of those named below proximately cause the
occurrence in question?

 

Answer AYes@ or ANo@ as to each of the
following:

a.  Steve
Bowen:                                       

b.  Leigh
Bowen:                                       

c.  Robert
Crowson:                                   

 

A separate question on damages
instructed the jury not to reduce any damages it found as a result of the
negligence, if any, of Crowson. 

The jury
found:  (1) the Bowens were not the
proximate cause of the occurrence, (2) Crowson was the proximate cause of the
occurrence, and (3) there were zero dollars in damages.  The trial court signed a take nothing
judgment and subsequently denied Crowson=s motion
for new trial.  This appeal followed. 

 

 








III.  Jury
Charge Error

In his
sole point, Crowson asserts that the A[Bowens]
did not plead that [Crowson] was negligent and therefore the issue of [his]
negligence should not have been submitted to the jury.@

Jury
questions must be supported by the pleadings. 
Gibbins v. Berlin, 162 S.W.3d 335, 341 (Tex. App.CFort
Worth 2005, no pet.); McReynolds v. First Office Mgmt., 948 S.W.2d 342,
345 (Tex. App.CDallas 1997, no writ); see
also Tex. R. Civ. P. 278 (AThe
court shall submit the questions, instructions, and definitions in the form
provided by Rule 277, which are raised by the written pleadings and the
evidence.@).  Although issues may be tried by consent, Awritten
pleadings, before the time of submission, shall be necessary to the submission
of questions . . . .@ 
Tex. R. Civ. P. 67; Gibbins, 162 S.W.3d at 342.  Trial by consent does not occur when the
complaining party properly objects to the submission of issues not raised by
the pleadings.  Harkey v. Tex.
Employers= Ins. Ass=n, 146
Tex. 504, 509, 208 S.W.2d 919, 922 (1948). Stated differently, trial by consent
is precluded where proper objection is made on the record before submission to
the jury.  Tex. Indus., Inc. v.
Vaughan, 919 S.W.2d 798, 803 (Tex. App.CHouston
[14th Dist.] 1996, writ denied).  








We
review claimed error in the jury charge under an abuse of discretion
standard.  In re V.L.K., 24 S.W.3d
338, 341 (Tex. 2000).  A clear abuse of
discretion exists when the trial court submits a jury question that is neither
supported by the pleadings nor tried by consent.  Stephanz v. Laird, 846 S.W.2d 895, 902
(Tex. App.CHouston [1st Dist.] 1993, writ
denied); see also Webb v. Glenbrook Owners Ass=n, 298
S.W.3d 374, 380 (Tex. App.CDallas
2009, no pet.) (op. on reh=g). 

Here,
Crowson filed suit against the Bowens for negligence.  The Bowens responded with a general denial,
which did not raise the issue of Crowson=s
negligence.  At the charge conference,
Crowson objected to the submission of his negligence to the jury on the ground
that the pleadings did not support it. See Harkey, 146 Tex. at 509, 208
S.W.2d at 922 (concluding issues were not tried by consent when appellant made
no objection to the evidence supporting unpleaded issues but did object to the
submission of the issues to the jury). Despite Crowson=s
objection, the Bowens did not seek leave to amend or attempt to amend their
answer prior to submission of the jury charge. Therefore, the trial court
abused its discretion by submitting a question pertaining to Crowson=s
negligence that was neither supported by the pleadings nor tried by
consent.  Webb, 298 S.W.3d at 380;
Stephanz, 846 S.W.2d at 902. 








To
obtain a reversal based on the trial court=s error,
however, Crowson must show that the error probably caused the rendition of an
improper judgment or probably prevented him from properly presenting his case
to this court.  See Tex. R. App.
P. 44.1(a); Romero v. KPH Consolidation, Inc., 166 S.W.3d 212, 225 (Tex.
2005).  Submission of an improper jury
question can be harmless error if the jury=s answers
to other questions render the improper question immaterial.  City of Brownsville v. Alvarado, 897
S.W.2d 750, 752 (Tex. 1995); see Pojar v. Cifre, 199 S.W.3d 317, 348
(Tex. App.CCorpus Christi 2006, pet.
denied) (noting a line of cases holding that when a jury finds no damages,
findings on liability are immaterial and harmless).  A jury question is immaterial when its answer
can be found elsewhere in the verdict or when its answer cannot alter the
effect of the verdict.  Alvarado,
897 S.W.2d at 752.  Submission of an
immaterial issue is not harmful unless it confuses or misleads the jury, which
we determine by considering its probable effect on the jury in light of the
charge as a whole.  Id.  








Here, reading
the charge as a whole, we do not find that the question submitted was ambiguous
or misleading.  The question asked the
jury to determine separately the negligence of the Bowens and Crowson.  A finding that the Bowens were not the
proximate cause of the occurrence in question exonerated them from
liability.  Consequently, the question
pertaining to Crowson=s negligence was immaterialCin other
words, any answer pertaining to Crowson=s
negligence would not have altered the verdict.  See Alvarado, 897 S.W.2d at 752B53
(holding question of contributory negligence was harmless because once jury
found defendant did not proximately cause the occurrence in question, defendant
was exonerated of liability such that neither an affirmative nor a negative
answer to plaintiff=s negligence could have altered
the verdict).  Furthermore, putting the
findings on liability aside, the jury unconditionally considered damages and
awarded Crowson zero dollars in damages, which rendered the jury=s
findings on liability immaterial and harmless. 
See Mitchell v. Chaparral Chrysler‑Plymouth Sales, Inc.,
572 S.W.2d 359, 360B61 (Tex. Civ. App.CFort
Worth 1978, writ ref=d n.r.e.) (concluding findings
on issues of liability are immaterial and harmless when jury finds no
damages).  Thus, the submission of
Crowson=s
negligence to the jury was not harmful error. 
Id.  Accordingly, we
overrule Crowson=s sole point.

 

 

 

 

 

 

 

 








IV. 
Conclusion

Having
overruled Crowson=s sole point, we affirm the
trial court=s judgment.       

 

BOB MCCOY

JUSTICE

                                                    

PANEL:  GARDNER and MCCOY, JJ.;
and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).  

 

DELIVERED: July 29, 2010