Lenis L. MARKS, Appellant,

v.

Clifford SAUL et al., Appellees.

No. 16024.

Court of Civil Appeals of Texas.

Fort Worth.

June 19, 1959.

Rehearing Denied July 10, 1959.

John H. Holloway, Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, and T. Scott Talbert, Houston, 'for appellees.

BOYD, Justice.

Lenis L. Marks sued Clifford Saul and his truck driver, John· H. Dewvall, for damages for personal injuries and for damages to his automobile which he alleged were caused by the negligence of Dewvall in driving Saul's truck against the automobile. The jury found that Dewvall was negligent in several particulars, which acts of negligence were proximate causes of the collision, but found that Marks did not suffer any personal injuries in the collision.

Judgment was rendered for the property damage, but Marks was denied recovery for the alleged personal injuries. Marks appeals.

Issue No. 25 was: "Do you find from a preponderance of the evidence that the Plaintiff, Lenis Marks, sustained injuries to his person as a direct and proximate result of the collision in question?" A negative answer was returned. Issue No. 36 is not in the record. Appellant's brief refers to it as the "damage" issue, and says it was not answered, and was conditioned upon an affirmative answer to No. 25. Appellee's brief admits that No. 36 was the "damage" issue, and was conditioned upon an affirmative answer to No. 25. We assume, then, that No. 36 was to be answered only if No. 25 was answered "yes," and that it asked what sum of money would compensate appellant for the personal injuries, if any, he sustained.

■ By his first group of points appellant contends that it was error to submit the issue as to whether he sustained personal injury in the accident, as it was a comment on the weight of the evidence was an improper method of submitting a damage issue; and that it was error to predicate Issue No. 36, the "damage" issue, upon an affirmative answer to No. 25, because it was a comment on the weight of the evidence and was an improper method of predicating a damage issue.

Appellant argues that the "injury" issue was not an ultimate issue, the ultimate issue being the "damage" issue. Whatever may have been the rule heretofore, we think the point was settled against appellant's contention in Texas & Pacific Railway Company v. Van Zandt, Tex., 317 S.W.2d 528, 530. There the jury answered Issue No. 5, the "damage" issue, "$27,000.00." The court said:

"Petitioner prepared and requested the submission of a special issue inquiring whether respondent had suffered the injuries alleged by him and objected to the charge of the court because of failure to submit the issue.

"The burden was on respondent to prove that he had been injured. * * *

"Special Issue No. 5 is the conventional type of damages issue. Its purpose is not to establish liability. Its purpose is to fix the amount of money damages which will fairly compensate an injured party for his injuries and thus discharge the legal liability of a defendant. Whether there is any legal liability on the part of a defendant to pay the money damages must be determined, when the evidence is conflicting, through the submission of separate issues.

"In a large percentage of personal injury cases—perhaps in a majority—there is no question but that injuries were sustained. In such cases, the conventional issue on damages and accompanying instruction permits the jury in arriving at the amount of damages to be awarded to make an incidental determination of the nature and extent of the injuries suffered. But when the existence of injury is controverted in the evidence, it is not a sufficient submission of that ultimate and vital fact issue, over proper objection, to inquire whether a particular negligent act or omission was a proximate cause of plaintiff's injuries, if any, or what amount of money will compensate the plaintiff for the injuries, if any, sustained by him as a proximate result of the defendant's negligence, if any. In such cases a special issue directly and unequivocally inquiring whether injury was sustained should be submitted.

\* \* \* \* \*

" * * * If the jury had been afforded an opportunity to do so and had answered that respondent suffered no injuries, the answer to Special Issue No. 5 would have been immaterial. * * *"

■ So we think that had the jury in the case at bar answered the damage issue the answer would have been immaterial.

It follows from what has been said that we think no error is reflected by appellant's points as to the refusal of the court to submit in the damage issue the additional elements as requested by him. These elements related to medical and x-ray bills, and we do not find any evidence in the record to show conclusively, and there was no finding, that such expenditures were necessary as a result of the collision. Texas & N. O. R. Co. v. Barham, Tex.Civ.App., 204 S.W.2d 205. In any event, since the issue was not answered, the real inquiry is whether it was error to predicate Issue No. 36 upon an affirmative answer to No. 25. We think it was not reversible error. Moreover, while appellant objected to the conditional submission of No. 36, we doubt if the matter is properly preserved in the assignments of error in his motion for a new trial. The only matter there assigned relating to No. 36 is the refusal of the court to include as additional elements of damages the claimed expenditure for "x-rays and medical service to date of trial, and reasonable charges for hospitalization, x-rays, and medical services, if any, in the future beyond the date of trial."

In view of appellant's contention, advanced in a group of points, that the answer to No. 25 that he did not suffer any personal injury as a result of the collision is contrary to the undisputed evidence, without support in the evidence, and so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, a résumé will be given.

Appellant had stopped his car at a red traffic light. Appellee's truck struck the car from the rear, shoving it forward some eight feet. Dewvall testified that after the collision he asked appellant if he was hurt and appellant answered "No." Appellant testified at that time he did not think he was hurt, and so told Dewvall. Six days after the collision appellant signed a statement in which it was said that he was not hurt.

The collision occurred on November 2, 1955. Late in 1944 or early in 1945 appellant had hurt his back rather severely while in the military service. He was hospitalized 14 days. In 1947 he was called to the Veterans Administration office for a physical examination. He began wearing a brace in 1947 and wore it some two years. Following his first examination at the Veterans Administration office he received disability benefit of $11.80 per month. The benefit was increased from time to time, and at the date of the trial it was $55 per month, representing thirty per cent disability. In 1957 he was again examined by the Veterans Administration and his benefit was increased. He did not tell the Veterans Administration doctors that he had been hurt in the collision.

At the time of the accident appellant was employed as a helper on a beer delivery truck. Later he became a truck driver and had a helper. He did not miss any time from work on account of the accident. His salary was "much better" at the time of the trial than it was at the time of the accident. He did not see a doctor for some three months after the collision. He saw the same doctor again about three weeks later, and again on Monday before the trial, some two years later. He was not given any treatment and this doctor did not testify.

Dr. Parrish examined appellant 17 months after the collision. He said that appellant did not tell him of his previous back injury. He could not say whether appellant was injured in the collision. Dr. Yates found some intervertebral disc trouble but did not testify that appellant received the injury in the collision. Dr. McReynolds examined appellant on the day the Doctor testified in the case. From appellant's history of his prior troubles, including the collision, the Doctor thought he may have sustained some injury in the collision.

The burden was on appellant to show by a preponderance of the evidence

that he sustained injuries as a result of the collision. We think the jury was authorized to find either way on the issue. The finding against appellant is not, in our opinion, so against the weight and preponderance of the evidence as to be manifestly wrong.

We have carefully considered all of appellant's contentions, and think that reversible error is not reflected.

The judgment is affirmed.