**O. J. BURNETT, Appellant,**

v.

**Virgil E. FILE, Appellee.**

**No. 5686.**

Court of Civil Appeals of Texas, Waco.

June 16, 1977.

Rehearing Denied June 30, 1977.

---

James E. Brown, Dallas, for appellant.

Arlen D. Bynum, Bradshaw & Bynum, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is an appeal by Plaintiff Burnett from a take nothing judgment rendered against him on a jury verdict, in a suit for personal injuries resulting from an automobile rear-end collision. We affirm the judgment of the trial court.

Plaintiff-Appellant O. J. Burnett sued Defendant-Appellee Virgil E. File for personal injuries allegedly sustained by Plaintiff-Appellant growing out of an automobile accident wherein Defendant-Appellee File allegedly rearended Plaintiff-Appellant Burnett.

Trial was to a jury, which found that Plaintiff-Appellant Burnett was not injured as a result of the collision, in Answer to Special Issue No. 1. Pursuant to said verdict, the trial court entered judgment that Plaintiff-Appellant take nothing.

Plaintiff-Appellant asserts error on the part of the trial court (1) in refusing Plaintiff leave to file a trial amendment, (2) in refusing to submit the definition of "injury" as submitted by Plaintiff, (3) in submitting an erroneous definition of "injury" to the jury, (4) in conditionally submitting Special Issues Nos. 2 through 14 on a positive finding of Special Issue No. 1, and (5) that the jury's answer to Special Issue No.

1 is factually insufficient. We overrule all of Plaintiff's points of error and affirm.

The basis of this suit is an alleged rear-end collision that occurred on March 9, 1974, near the intersection of Irving and Hampton Boulevards in Dallas County. Plaintiff was stopped for traffic in front of him at that intersection when he was allegedly hit from the rear by the automobile driven by the Defendant. Plaintiff's Original Petition in this case was filed on July 31, 1974. In October 1974, Defendant filed its answer in the case. Plaintiff filed his Second Amended Original Petition on March 20, 1976, which is the pleading he went to trial upon. In none of said pleadings did Plaintiff allege any aggravation of any pre-existing condition. In other words, in said pleadings Plaintiff alleged personal injuries growing out of the accident of March 9, 1974.

The case proceeded to trial on April 12, 1976, and the jury returned a verdict on April 13, 1976, finding that Plaintiff sustained no injury in the accident. After Plaintiff had rested his case and near the end of the trial, Plaintiff's counsel "served notice" that he intended to file a Trial Amendment of some sort. Plaintiff did tender a Trial Amendment some time after both parties had closed and prior to the submission of the court's charge to the jury. By said Trial Amendment the Plaintiff alleged for the first time that on the occasion of the March 9, 1974, accident in question, he was suffering from a "pre-existing disease or condition" which was "incited, accelerated, and/or aggravated" by the accident in question. Defendant objected to the filing of said Trial Amendment alleging surprise, and because the case was tried on the theory of an original injury, whereupon the trial court denied Plaintiff leave to file such Trial Amendment.

Plaintiff-Appellant contends the trial court abused its discretion in denying him leave to file such Trial Amendment. We do not agree.

■ The filing of a Trial Amendment is within the sound discretion of the trial court and unless the trial court clearly abuses that discretion no reversible error is shown. Rule 66, Texas Rules of Civil Procedure; *Victory v. State* (Tex.1942) 138 Tex. 285, 158 S.W.2d 760, 763.

■ The instant case was pleaded by Plaintiff and tried upon the theory that Plaintiff sustained an original injury as the result of the accident of March 9, 1974. It was after both sides had closed and before the court's charge was submitted to the jury that Plaintiff sought leave from the trial court to file the Trial Amendment in question. Had same been granted, it would have changed the entire nature and complexion of the lawsuit. Moreover, there was no explanation by the Plaintiff as to why he was not aware of the "aggravation" basis of his Trial Amendment sooner. In the language of our Supreme Court: "to require the trial court to permit amendments such as the one filed in this case would disrupt orderly procedure and lead to frequent interruptions and interminable delay in concluding expensive jury trials. McDonald's Texas Civil Practice; vol. 2, page 737." *Westinghouse Electric Corp. v. Pierce* (Tex.1954) 153 Tex. 527, 271 S.W.2d 422; *King v. Skelly* (Tex.1970) 452 S.W.2d 691. Here, the Defendant had the right to assume that the case made by the pleadings and testimony was the case and the only case he was called upon to defend and to prepare his defense accordingly. See *Westinghouse, supra,* and the cases cited in support of this proposition, 271 S.W.2d on page 424; *Erisman v. Thompson* (Tex.1943) 140 Tex. 361, 167 S.W.2d 731; *Safety Casualty Co. v. Wright* (Tex.1942) 138 Tex. 492, 160 S.W.2d 238.

Under the record before us, we cannot say the trial court abused its discretion in denying leave to Plaintiff to file the Trial Amendment.

Special Issue No. 1 as submitted to the jury inquired:

"Do you find from a preponderance of the evidence that O. J. Burnett was injured as a result of the occurrence on March 9, 1974?

"You are instructed that a person is 'injured' if he receives damage or harm to the physical structure of the body.

"Answer 'we do' or 'we do not.'" To this issue the jury answered "we do not."

Then the court instructed the jury that "if you have answered the above issue 'we do' then you will answer Issues Numbers 2, 4, 6, 8, 10, 12, and 14; otherwise, do not answer them." In this connection, Issues Nos. 2 through 14 were issues inquiring into primary negligence (and proximate cause) of Defendant together with a damage issue.

Plaintiff requested that the trial court define "injury" to the jury as follows:

"You are instructed that a person is 'injured' if he receives damage or harm to the physical structure of the body. Such damage or harm includes such diseases and infections as naturally result therefrom, and the incitement, acceleration, or aggravation of any previously existing disease or condition by reason of such damage or harm to the physical structure of the body."

■ The trial court refused to submit Plaintiff's proffered definition of "injury," which refusal Plaintiff asserts as error. As stated above, Plaintiff had no pleadings to support such a definition.

However, Plaintiff strongly urges that the issue of "aggravation" was tried by implied consent on the part of the Defendant, under the provisions of Rule 67, Texas Rules of Civil Procedure. We do not agree. The record clearly establishes the Defendant's objection to the Trial Amendment and requested instructions on aggravation as hereinabove set out. In *Harkey v. Texas Employers Ins. Assn.* (Tex.1948) 146 Tex. 504, 208 S.W.2d 919, our Supreme Court held that although the Defendant did not object to the testimony relative to an issue but did object to its submission because it was not pleaded, it could not be held that the issue was tried by consent. In that case the Defendant offered no objection to testimony on an essential issue, but it did object to its submission because it was not pleaded. The Supreme Court held that the issue could not be presumed to have been tried by consent and that submission of such unpleaded essential issue over proper objection constituted reversible error. Also see *Missouri-Kansas-Texas Railroad Co. v. Franks* (Tex.Civ.App. Eastland CA 1964) 379 S.W.2d 415, NRE.

In the case at bar, under the record before us, the rule enunciated in *Harkey* applies, and it cannot be said that the issue of aggravation was tried by implied consent.

■ Next, Appellant complains of the trial court's submitting Special Issues Nos. 2 through 14, inclusive, conditioned on a positive finding of Special Issue No. 1. As stated, in answer to Issue No. 1 the jury failed to find that Plaintiff suffered an injury as the result of the accident of March 9, 1974. Special Issues Nos. 2 through 13 inquired of grounds of primary negligence and proximate cause on the part of the Defendant, while Issue No. 14 was the damage issue. The trial court conditioned Issues Nos. 2 through 14 upon a positive finding to Issue No. 1. Since the jury made a negative finding to Issue No. 1, they made no answer to Issues Nos. 2 through 14, as instructed by the trial court. Appellant asserts that conditioning Issues Nos. 2 through 14 upon a positive finding to Issue No. 1 was error, saying it was a comment on the weight of the evidence and placed a greater burden of proof upon Appellant than that required by law. We overrule this contention.

The burden of proof is upon the Plaintiff to prove that he has been injured, where that matter is put in issue, as in the case at bar. Where the jury fails to find that Plaintiff has been injured, as here, then all the other issues (Nos. 2 through 14) become immaterial. *Texas & Pacific Railway Co. v. Van Zandt* (Tex.1958) 159 Tex. 178, 317 S.W.2d 528; *Marks v. Saul* (Tex.Civ.App. Fort Worth CA 1959) 326 S.W.2d 24, NRE.

■ Finally, Appellant contends the jury's answer to Special Issue No. 1, that Plaintiff was not injured as a result of the March 9, 1974 accident, is so against the

great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate* (Tex.1951) 150 Tex. 662, 244 S.W.2d 660. Without detailing the evidence, we have carefully weighed all the evidence for and against said finding (or rather failure to find) and have concluded that the jury's answer to Issue No. 1 is supported by factually sufficient evidence, and is not against the great weight and preponderance of the evidence under the test set out by our Supreme Court in *In re King's Estate, supra.*

Finding no reversible error in the record, we affirm the trial court's judgment.

AFFIRMED.