John HOLLOWAY et al., Appellants,

v.

HAR–CON ENGINEERING COMPANY, INC., et al., Appellees.

No. 1738.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 15, 1978.

Rehearing Denied April 12, 1978.

John H. Holloway, Houston, for appellants.

Daniel C. Pappas, Leo A. Kissner & Associates, Darrel E. Reed, Jr., Ralph S. Carrigan, Baker & Botts, Daniel O. Goforth, Sewell, Junell & Riggs, James S. Kelly, Offices of Richard G. Sedgeley, Houston, Knox D. Nunnally, Houston, D. Craig Olivier, Vinson & Elkins, Ervin A. Apffel, Jr., Rex N. Leach, McLeod, Alexander, Powel & Apffel, Galveston, Robert G. Taylor, II, Susan E. Crowley, Boswell, O'Toole, Davis & Pickering, Houston, for appellees.

COULSON, Justice.

Plaintiffs, John H. and Nancy Holloway, appeal from a take-nothing judgment entered in their suit against multiple defendants for recovery of losses sustained as a result of a fire which severely damaged their home. We affirm.

In their petition the Holloways alleged that a hot water heater manufactured by Day & Night Manufacturing Company and installed by Har-Con Engineering Company, Inc. was the cause of the fire, arguing that the heater was defective and that safety devices on it had been negligently installed. Alternatively, the Holloways alleged that the fire was caused by a furnace manufactured by Lennox Industries, Inc. and installed by Gulf Coast Air Conditioning Company, Inc. At the conclusion of the plaintiffs' case in chief the trial court instructed verdicts for Lennox and Gulf Coast, and at a later time instructed a verdict for Robertshaw Controls Company, manufacturer of a temperature control valve for the water heater, on a cross-action filed against it by Day & Night.

■ The case was submitted to the jury on issues covering the plaintiffs' theories of breach of warranty and negligence, together with issues on damages. Although the jury returned several answers which were favorable to the Holloways, it refused to make findings which would justify the imposition of any liability. We have reviewed the entire record in this case and find that all of the jury's findings are adequately supported by the evidence. Such conclusion renders harmless a number of possible errors. The jury's refusal to make any favorable fact findings for the Holloways on the issues dealing with the Robertshaw control valve and the installation of the vent pipe and roof jack, and its refusal to find that the negligent installation of the temperature-relief valve was the proximate cause of the fire, render academic any discussion of the court's action with respect to expert testimony or requested special issues which assumed contrary findings or which only became significant if contrary findings were made.

■ In several points of error the Holloways complain that the trial court erred in excluding the testimony of their expert witness, Rufus Market, given during a bill of exception and relating to the cause of the fire. We find that any error which may have occurred was harmless since the evidence excluded was merely cumulative of testimony otherwise given by either Market or Ralph Tafelmeyer, another of the plaintiffs' experts, and received into evidence; there is no reason to believe that repetition of the evidence would have caused the jury to be better informed on this matter or to have changed their answer to any special issue.

■ Finally, we are confronted with the propriety of the instructed verdicts granted Lennox and Gulf Coast. The Holloways candidly admitted to both the trial

court and this court that such verdicts were proper in light of the evidence they produced, but they urge that such motions were ill-timed since the defendants were jointly and severally liable and evidence against Lennox and Gulf Coast might be brought out (and, it is argued, was brought out) during the presentation of the other defendants' cases. Although we are aware of no Texas authority directly in point, this question has been addressed by the courts in a number of other states, albeit with differing responses. *See generally* Annot., 48 A.L.R.2d 535 (1956). After a careful consideration of the issues involved we are persuaded that the rule set out by the Supreme Court of Missouri in *Gibson v. Newhouse*, 402 S.W.2d 324 (1966) is the correct one. That court held that appellate review of directed verdicts is limited to a consideration of the evidence adduced at the time the motion was granted, and does not involve review of all the evidence in the case. *Cf. Pope v. Clary*, 161 S.W.2d 828, 832 (Tex. Civ.App.—Fort Worth 1942, writ ref'd w. o. m.) (subsequent jury findings cannot be used to attack an instructed verdict). In light of this rule, we find that the trial court did not err in directing a verdict for Lennox and Gulf Coast.

All points of error have been duly considered and are overruled.

The judgment of the trial court is affirmed.