Jack DELAPORTE, Appellant,

v.

PRESTON SQUARE, INC., Irwin H.
and Michelle Mittelman, Appellees.

No. 05–83–00767–CV.

Court of Appeals of Texas,
Dallas.

Oct. 1, 1984.

Rehearing Denied Oct. 31, 1984.

William C. Odeneal, Odeneal & Odeneal, Dallas, for appellant.

Jeff Joyce, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee Preston Square, Inc.

Charles S. Fuquay, Moseley, Jones, Allen & Fuquay, Dallas, for appellees Mittelman.

Before AKIN, VANCE and ROWE, JJ.

ROWE, Justice.

Preston Square, Inc., the homeowner's association for the Preston Square townhome development, sued Jack Delaporte to require him to remove certain additions to his townhouse which were purportedly in violation of deed restrictions. Irwin and Michelle Mittelman, Delaporte's next-door neighbors, intervened as plaintiffs. They alleged, in addition to those matters alleged by Preston Square, that the additions in question constituted a common-law nuisance. After a jury trial, the trial judge ordered the improvements demolished. We affirm the trial court's judgment.

Delaporte and the Mittelmans owned adjacent residences in the Preston Square townhome development which were subject to certain restrictions outlined in a document called "Declaration of Covenants, Conditions and Restrictions for Preston Square Townhomes." Although the applicable restrictions prohibited townhome owners from making additions to their residences absent approval from the Preston Square Board of Directors, Delaporte built the wall in question and installed outdoor lighting without Board approval. This suit ensued. In answer to special issues, the jury found that the additions in question did not conform to the common scheme and architectural design of Preston Square, that the Board of Directors acted in good faith and in a reasonable manner in rejecting Delaporte's proposal for these additions, and that the Board did not waive its right to complain of the improvements. The jury also found that the privacy wall constituted a nuisance. Acting upon these findings, the trial judge ordered Delaporte to remove the unapproved additions from his property.

Delaporte first argues that he was unduly prejudiced in front of the jury by questions posed to him and to another witness by the trial judge concerning the possibility that this controversy might have been settled by arbitration. He asserts that these questions improperly suggested to the jury that he had somehow failed to do an act required of him and that these questions by the judge were a comment on the weight of evidence. We disagree. Although a trial judge should remain impartial and not act as an advocate for either party, *Ex parte Joellen Finn*, 615 S.W.2d 293, 296 (Tex.Civ.App.—Dallas 1981, no writ), it is well within his duty to elicit testimony from a witness in an attempt to clarify evidence adduced at trial. *Henderson-Bridges, Inc. v. White*, 647 S.W.2d 375 (Tex.App.—Corpus Christi 1983, no writ). Here, the record shows that the trial judge merely asked the witnesses if anyone had ever asked for arbitration of this or any other dispute under the arbitration provisions of the Declaration containing the restrictions. The testimony in response to these questions indicated that either party

could have sought arbitration but chose not to do so. In our view, no harm is shown because the Declaration had been introduced into evidence and the trial judge was merely attempting to clarify some of its terms which otherwise might have presented problems for the jury. Thus, Delaporte's contention is without merit.

■■■ Delaporte next contends that the court should have granted his motion for mistrial based upon a question asked of him by opposing counsel. Specifically, Delaporte objected to an inquiry concerning whether he had been informed by his attorney that Preston Square had rejected his proposed additions before he began work on them. He says that this question improperly delved into matters protected by the attorney-client privilege. We do not agree that these circumstances mandated a mistrial. In this respect, Delaporte admits in his brief that he answered a question to the same effect during a deposition without objection. Consequently, his failure to assert the attorney-client privilege at the time of his deposition resulted in a waiver of the matter being protected by the attorney-client privilege. *See, Eloise Bauer and Associates v. Electronic Realty Associates, Inc.*, 621 S.W.2d 200 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). Additionally, the trial court sustained Delaporte's objection to the question. Thus, he was not forced to testify concerning the allegedly privileged matter. Additionally, if any error existed in the asking of the question, it was cured by the court's instruction to the jury to disregard it.

■■■ Next, Delaporte asserts that the trial judge erred in failing to grant him leave to file a third-party action against three individual members of the Preston Square Board of Directors. A reading of this pleading reveals that Delaporte was attempting to recover damages for malicious prosecution by them. The trial judge correctly denied Delaporte leave to file the third-party action because an essential element for maintaining a suit for malicious prosecution is proof the suit upon which the action is predicated has been terminated in his favor. *E.g. James v. Brown*, 637 S.W.2d 914 (Tex.1982); RESTATEMENT TORTS 2d § 120 (4th ed. 1971). Obviously, this essential element could not exist since the suit from which this appeal has been taken was still in progress and a favorable termination of this suit in Delaporte's favor is a condition precedent to bringing a suit for malicious prosecution. Thus, Delaporte's cause of action, if any, was premature.

■■ Delaporte also challenges the trial court's refusal to allow a proposed witness, Harry Groce, to testify. Delaporte's bill of exceptions shows that Groce, the owner of three Preston Square townhomes, did not believe that the wall added by Delaporte was violative of the general architectural scheme of the community. The record also reveals that this testimony was not admitted because the trial judge concluded that Groce would be testifying as an expert witness and that Delaporte had not before trial, as required by the rules, identified Groce as that type witness. Although we doubt the correctness of this ruling, we need not pass on whether Groce was an expert witness rather than a mere fact witness because error, if any, was harmless. In this respect, Delaporte was allowed to adduce other testimony to the effect that the wall in question conformed with the architectural scheme of Preston Square. Thus, Groce's testimony would have been cumulative and would not likely have caused the jury to answer the special issue in favor of Delaporte. *See, Holloway v. Har-Con Engineering Company, Inc.*, 563 S.W.2d 695 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

■■■ We now turn to Delaporte's contention that the court erred in denying him leave to file a trial amendment seeking a declaratory judgment as to exactly which portions of the wall in question were not in compliance with the applicable restrictions. The trial amendment was not tendered until after the case had been submitted to the jury. No error exists because the filing of a trial amendment is within the sound discretion of the trial court, *Burnett v. File*,

552 S.W.2d 955 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.), which discretion was not abused in light of the fact that the amendment was tendered after the case had been submitted to the jury. *Myers v. Cliff Hyde Flying Service, Inc.,* 325 S.W.2d 841 (Tex. Civ.App.—Houston 1959, no writ).

■ Finally, Delaporte argues that the evidence does not support the jury findings that the additions were not in keeping with the architectural scheme of the development, that the plans for the addition were rejected on a reasonable basis and in good faith, that the wall constituted a nuisance, and that Preston Square did not waive its right to object to his proposed additions. He says that these findings, which formed the basis for the judgment, were against the great weight and preponderance of the evidence. We are mindful that in ruling on the propriety of jury findings, we must exercise restraint and not substitute our judgment for that of the jury unless the evidence shows its finding to be clearly wrong or unjust. *In Re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We have reviewed the entire statement of facts and are of the opinion that the findings in question are supported by sufficient, competent evidence.

■ In support of our holding, we will not recite all of the evidence in the record, however, we would point out that a number of photographic exhibits are present which illustrate both Delaporte's additions and the general appearance of other townhouses in Preston Square, including a number of homes to which additions were made. Delaporte complains that this court should rule in his favor based on the impression of the architectural consistency of his additions which these photographs display. However, David Ludwick, an experienced, licensed architect called as an expert witness for appellees, testified that the additions shown in these exhibits were inconsistent with the overall scheme. He stated that nowhere else in the complex did he observe such a large wall built for the purpose of dividing so small a space. He said that the original design appeared to be for the specific purpose of providing a sense of openness, light and air in the complex. He testified that Delaporte's additions upset this design, that they had the effect of violating the common scheme of design of Preston Square, and that they were unlike any other additions made at Preston Square. We hold that the record as a whole, including the exhibits and the testimony of the expert Ludwick, is ample support for the jury finding that Delaporte's additions were architecturally inconsistent with the Preston Square community. Consequently, because it is undisputed that architectural control was vested in Preston Square, we also rule that the jury properly found that the architectural committee acted in good faith in rejecting the proposals for the additions.

■ We also overrule Delaporte's contention that Preston Square waived its right to object to the additions by failing to object to other additions which violated the architectural scheme of the community. Appellees' expert witness Ludwick testified that previous additions by other Preston Square residents included, at most, only minor violations of the architectural scheme compared to those in Delaporte's addition. Because failure to object to trivial violations of a restrictive covenant does not result in a waiver of the restrictions, this evidence formed a sufficient basis for the jury's conclusion. *See Fowler v. Brown,* 535 S.W.2d 46 (Tex.Civ.App.—Waco 1976, no writ). We would also point out that the terms of the deed restriction itself provide that the failure of the association to maintain an action against violations does not constitute a waiver of their right to do so.

■ As to the nuisance question, we note that although Delaporte complains that a jury finding that his additions created a nuisance was against the great weight and preponderance of the evidence, he fails to supply us with either argument or references to the appellate record in support thereof. Nevertheless, we have reviewed the record and find ample support for the

jury finding that the additions constitute a nuisance.

The judgment is affirmed.

AKIN, J., dissents.

AKIN, Justice, dissenting.

I cannot agree with the majority because they have erred in three respects. First, the jury's finding that Delaporte's additions were not in keeping with the general architectural scheme of the development was against the great weight and preponderance of the evidence. Second, Preston Square has waived its right to enforce the deed restrictions because of noncompliance with them over a period of time. Third, the nuisance as found by the jury could be abated by a less draconian remedy than by demolition of the wall. Accordingly, I must dissent.

With respect to the jury's finding that the wall was not in keeping with the architectural scheme, the entire record must be reviewed, and the evidence considered in its totality. *Tom Benson Chevrolet, Inc. v. Alvarado,* 636 S.W.2d 815 (Tex.Civ.App.— San Antonio 1982, writ ref'd n.r.e.). The record contains numerous exhibits, including photographic evidence, showing privacy walls in the development which are very similar to that built by Delaporte. An examination of these exhibits, together with other testimony, compels the conclusion that the jury's finding was against the great weight and preponderance of the evidence. Consequently, the jury's finding that the Preston Square Board of Directors acted in good faith in rejecting Delaporte's plans for the additions should also fail.

Second, Preston Square waived its right to enforce the deed restrictions against Delaporte. The rules in equity are well settled that restrictive covenants are waived by non-compliance over time and that restrictive covenants may not be selectively enforced. The uncontroverted evidence is that Preston Square, prior to this controversy, had failed to take any action or make any effort to enforce numerous violations of restrictions applicable to the development. Accordingly, I would hold that Preston Square waived these covenants insofar as Delaporte's additions are concerned.

Additionally, the Mittelmans cannot enforce the restrictive covenants against Delaporte in equity because they did not seek to do so with clean hands. *E.g., Humphreys-Mexia Co. v. Arseneaux,* 116 Tex. 603, 297 S.W. 225 (1927). The evidence showed that the Mittelmans had erected a wall to the rear of their property in contravention of the deed restrictions. They should not, therefore, be allowed to seek equity where they have ignored the same restrictions which they now seek to enforce against Delaporte.

Third, I strongly disagree that the draconian remedy ordered by the trial court, and affirmed by the majority, is necessary. An injunction which provides for measures beyond those required to safeguard a protectable interest of the prevailing party may be held invalid to the extent that it is excessive. *Matlock v. Data Processing Security, Inc.,* 618 S.W.2d 327 (Tex.1981). It is quite probable that the essence of the nuisance—the drainage and light problems which, under the evidence, could be the only basis for the jury's finding of nuisance—could be abated by measures less drastic than elimination of the wall. Accordingly, I would reverse and remand for a new trial so that the trial court could determine, based upon specific jury findings, the way in which equity could best be served, short of the wall's demolition.