ACCEPTED
01-15-00228-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/2/2015 5:15:17 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00440-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/2/2015 5:15:17 PM

CHRISTOPHER A. PRINE
Clerk

IN THE FIRST DISTRICT COURT OF APPEALS OF TEXAS

IN RE ERNEST R. KOONCE, RELATOR

Original Proceeding From the 127th Judicial District Court of
Harris County
Cause No. 2010-64752

APPELLANT/REALTOR'S RESPONSE TO APPELLEE, WELLS
FARGO'S, MOTION TO STRIKE SUPPLEMENTAL BRIEF

ERNEST R. KOONCE
Pro Se
15938 Fleetwood Oaks Drive
Houston, Texas 77079
Tel: (832) 434-3186
Fax: (832) 328-7171
rayk469@gmail.com

No. 01-15-00440-CV

_____

IN THE THIRD FIRST COURT OF APPEALS OF TEXAS

_____


IN RE ERNEST R. KOONCE, RELATOR

_____

Original Proceeding from the 127th Judicial District Court of Harris
County, Texas
Cause No. 2010-64752

_____



APPELLANT/REALTOR'S RESPONSE TO APPELLEE, WELLS
FARGO'S, MOTION TO STRIKE SUPPLEMENTAL BRIEF


ERNEST R. KOONCE
RELATOR, Pro Se
15938 Fleetwood Oaks Drive
Houston, Texas 77079



TO THE HONORABLE COURT OF APPEALS OF TEXAS:

Ernest R. Koonce, Appellant/Relator, and those similarly situated, respectfully submits this Response to Wells Fargo's Motion to Strike Supplemental Petition for Writ of Mandamus, and would show the Court as follows:

2

IDENTITY OF PARTIES AND THEIR COUNSEL

Relator, Ernest R. Koonce, hereby certifies that the following are the list of parties and their respective counsel, if any, to the best of his knowledge and understanding of the rules.

PARTIES                                    COUNSEL

Relator
ERNEST R. KOONCE                           Pro Se


Respondent

HONORABLE RK SANDILL                       127thth Civil District
                                           Court of Harris County, TX
                                           201 Caroline, 10th Floor
                                           Houston, Texas 77002
                                           Court Phone Number:
                                           (713) 368-6161

Chris Daniels                              201 Caroline
Harris County District Clerk               Houston, Texas 77002


Real Party in Interest:

WELLS FARGO BANK, NA                       Bradley Chambers
                                           Texas Bar No. 2400186
                                           Valerie Henderson
                                           Texas Bar No. 24078655
                                           Baker, Donelson, Bearman,
                                           Caldwell & Berkowitz, P.C.
                                           1301 McKinney Street
                                           Suite 3700
                                           Houston, Texas 77010
                                           (713) 650-9700 – Telephone
                                           (713) 650-9701 – Facsimile
                                           vhenderson@bakerdonelson.com

3

# TABLE OF CONTENTS

**Cases**

*Abdygapparova v. State,* 243 S.W.3d 191, 208 (Tex. App.-San Antonio 2007, pet. ref'd) ................................................................................................. 16

Black v. Shor, 443 S.W.3d 170 (Tex.App. Corpus Christi, 2013). ........................ 5

CNA Ins. Co. v. Scheffey, 828 S.W.2d 785, 792 (Tex.App.—Texarkana 1992, writ denied) ................................................................................................. 14

*Delaporte v. Preston Square, Inc.,* 680 S.W.2d 561, 563 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) ......................................................................................... 14

*Delaporte,* 680 S.W.2d at 563 ............................................................................ 14

*Ex parte Finn,* 615 S.W.2d 293, 296 (Tex.Civ.App.—Dallas 1981, no writ) ......... 14

*In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.,* 290 S.W.3d 204, 213 (Tex.2009 .......................................................................................... 17, 21

*In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.,* 290 S.W.3d 204, 213 (Tex.2009) ................................................................................................... 17

In Re Lumbermens Mutual Insurance, 184 SW 3d 718, 727 (2006). ..................... 6

*In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) .... 13

*Standard Fruit & Vegetable Co., Inc. v. Johnson,* 985 S.W.2d 62, 65 (Tex. 1998) 5

Tex.Gov't Code Ann. § 62.105 (Vernon 1988). .................................................. 14

Texas Code of Judicial Conduct .......................................................................... 15

*Ward v. Village of Monroeville,* 409 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972) ......................................................................................................... 14

**Statutes**

*Babcock v. Northwest Memorial Hosp.,* 767 S.W.2d 705, 708 (Tex.1989) ............ 13

**Other Authorities**

IDENTITY OF PARTIES AND THEIR COUNSEL .............................................. 3

**Rules**

Canon 2(A), (B). ................................................................................................. 15

Canon 2(B). ........................................................................................................ 15

Canon 3(B)(8) ..................................................................................................... 16

canon four .......................................................................................................... 15

Canon three ........................................................................................................ 16

Canon two........................................................................................................... 15

*Erskine v. Baker,* 22 S.W.3d 537, 539 (Tex.App.-El Paso 2000, pet. denied) ..... 16

Rule 38.7.............................................................................................................. 6

T.R.A.P. Rule 52 ................................................................................................. 19

T.R.A.P. Rule 52.3(k)(2) ..................................................................................... 19

T.R.A.P., Rule 52.3(k)(2) ...................................................................................... 6

TEX.CODE JUD. CONDUCT, ............................................................................ 15

TEX.R.APP. P. 38.7 .............................................................................................. 5

<u>WELLS FARGO'S MOTION HAS NO MERIT</u>

WF Issue A: Wells Fargo claims that the Court must strike the Supplemental Petition for Writ of Mandamus because this Court has failed to provide it's permission pursuant to Black v. Shor, 443 S.W.3d 170 (Tex.App. Corpus Christi, 2013). Black, supra, does not apply. In Black, supra, the issues involved in that case were dealing specifically with a turnover order and an **appeal**, not a writ, or potential misconduct in the trial court below, and further, the **supplemental briefs** were submitted **<u>after</u>** oral argument. Black involved an appeal, not a Writ of Mandamus. Nowhere in Rule 52 does it require a Motion for Leave to be sought in order to file a Supplemental Petition for Writ of Mandamus (hereinafter referred to as "Petition") prior to this Court making a decision. Also, page 173 does not say what the Real Party In Interest states.

It is a well established rule that we may permit a party to amend or **supplement a brief** "whenever justice requires." TEX.R.APP. P. 38.7; *see Standard Fruit & Vegetable Co., Inc. v. Johnson,* 985 S.W.2d 62, 65 (Tex. 1998) (appellate court has discretion whether to allow filing of amended or supplemental brief

in interest of justice).  See also, In Re Lumbermens Mutual Insurance, 184 SW 3d 718, 727 (2006).  There is no case law or rule which Relator can locate, and Wells Fargo has cited none, that speaks directly to an Extraordinary Writ.  In fact, Rule 38.7 of the Texas Rules of Appellate Procedures empowers the courts of appeals to allow whenever justice requires. Wells Fargo alleges that the issue presented in the supplemental Writ of Mandamus wasn't either raised in the trial court below, or in the original Writ of Mandamus.  However, that is not true at all.  First, on 05/06/2015, Realtor filed a motion with the Court in which he asked for a ruling on his motion to allow the accelerated appeal in this case, and asked for the Court to provide an answer as to why it changed its ruling.  Attached hereto as Appendix "1" is a true and correct copy of that motion.  On May 11, 2015, the trial Court denied both the motion for accelerated appeal and the motion for the court to explain why well after 10 months the court changed the case from dismissed final to active.  Attached hereto as Appendix "2" is a true and correct certified copy of that order.

More importantly, T.R.A.P., Rule 52.3(k)(2) provides:

6

"**The appendix may contain** any **other item pertinent** to the **issues or points present for review**, **including** copies of excerpts of relevant court opinions, statutes, constitutional provisions, **documents on which the suit was based**, pleadings, **and similar materials**."
(emphasis added)

Moreover, realtor did address the issues set forth in both his brief and Writ. The trial court did not respond to the motion until after the brief and Writ were filed.

Furthermore, Real Party in Interest (hereinafter referred to as "Wells Fargo" or "WF"), has failed to identify any rule requiring a Motion for Leave to file a Supplemental Writ of Mandamus. Nowhere in Rule 52 does it reference any such duty to file a motion for leave.

If any motion for leave was required, it's not set forth in Rule 52 dealing specifically with Writs of Mandamus, and good cause exists to allow the supplemental Writ because it goes to the heart of the case, including a question of gross misconduct by the judge or the clerk. The case was dismissed in it's entirety on November 17, 2011, as reflected in the court's docket. The other case proceeded in Judge Baker's court (3rd lawsuit), and was fully litigated. Approximately 10 months later, on or about August, 2012, Wells

7

Fargo attempted to consolidate this case (second lawsuit) with the third lawsuit in the 295th Judicial District Court of Harris County, Texas, to which Realtor objected based on lack of jurisdiction. No order was ever signed granting that motion. Sometime thereafter, the case before this court was somehow reinstated long after the court lost its' plenary powers, without any sort of motion, any sort of hearing, and without any explanation.

WF Issue B.    WF claims that the supplemental petition, A-D was not addressed by the trial court. This is a completely false claim. On May 6, 2015, Realtor filed a Notice to the Court that a Ruling on his Motion for Accelerated Appeal was overdue as it was set for submission on February 23, 2015, and Notice that Evidence was missing in cause No. 2007-30212, 127th Judicial District Court of Harris County Texas, which the court denied. See Appendix "a" and "b" respectively.

Appendix "a" does address the specific issues set forth in Issues A-D. See pages 2 and 3 of said Appendix "a". No explanation has been provided although numerous attempts have been made to obtain an explanation. Christine Reule's declaration as well as the attached emails support the fact that attempts have

8

been made, even by third parties, to obtain an explanation for the sudden appearance of the case on the court's active docket after the case was dismissed, and the missing court documents. It's very suspicious that documents that prove the fraud conveniently came up missing as soon as the Notice of Accelerated Appeal was filed, and after the dispute was pointed out in the federal proceedings.

WF claims that Realtor failed to show how his supplemental Writ of Mandamus is in anyway related to the granting of WF motion for new trial. If Koonce failed to make a showing, it wasn't intentional.

The fact is Judge Sandill dismissed the case in full on November 17, 2011. The docket reflected this fact for more than 10 months (the exact date of when the case was placed back on the docket is unknown). This case magically appeared as an active case on the docket more than 9 months after the court lost its plenary powers. No motion, no notice, no hearing, or explanation; it was pulled from archives and/or closed files by the trial court and placed on the active docket forcing Koonce to file a plea to the jurisdiction and declare the case was dismissed. The trial court granted Koonce's motion on December 17, 2014. WF then filed a

Motion for New Trial making the same arguments it made in its response to Koonce's plea to the jurisdiction. No new argument was made. No new evidence was presented. The court then granted that motion, and this Writ ensued as well as an interlocutory appeal.

In the February 13, 2015 Reporter's Record, starting at page 7, line 10, and continuing to page 8, line 20, the following took place:

> MR. KOONCE: -- you will see that they <u>sent a paper to me on November 15th, 2006, and claimed that the current creditor/owner was Wells Fargo Bank, N.A.</u>.
>
> THE COURT: I understand that, Mr. Koonce. The issue here is, when you pled your lawsuit, you included Wells Fargo Bank Trustee as a defendant. Because if you look at Paragraph 2 -- I don't know if you have your file in front of you, but Paragraph 2 under Fact, actually labeled No. 2, under Section B, defendant citing this application includes Wells Fargo Bank, N.A., as Trustee. And that's the issue here. <u>The issue is, you **did not** include them in the lawsuit but you nonsuited everyone in the style</u>, but they are not -- at the same time, you know, <u>they are not in your A introduction but they are in your B facts</u>. So, you know, in the state, we take -- it's a notice-pleading state. So I take notice of the pleading, I have to construe it liberally. And if you were to say, Judge, hey, we -- you know, we served them and they never answered, I would have to grant a default against them because they are included as a defendant. At the same time, because you included them as a defendant and didn't nonsuit them, they

live as a defendant. And now they live as a counter claimant, so --

MR. KOONCE: Your Honor, at best this is nothing but misnomer, which the courts have addressed over and over.

THE COURT: I'm happy -- I am happy to grant the new trial. And you have a right -- <u>you now have a right automatically allege the alternative, so you can mandamus me on the issue</u>. I'm more than willing to be mandamused on this issue, because I want to agree with you, but I don't think I can. So...

(emphasis added)

The trial court admitted that Koonce only included WF, Trust in the facts, not in the introduction where Defendants are named and requests for citations are made. Describing someone or a witness in a pleading does not mean you are suing them. It's merely a statement of a fact. The trial court seems to be confused. There was no reason to change his ruling when no new arguments were made. By admitting that the Trust was described in the facts, and not the introduction, the trial court knew it was a factual statement, not intended party to the lawsuit.

On page 3, lines 15 through 20, of the February 13, 2015 Reporter's record, the trial court states:

THE COURT: Okay. The concern in this case is -- and I think I cited Mr. Koonce after evaluation, is sued Wells Fargo Bank,

11

N.A. You guys <u>answered as Wells Fargo Bank as Trustee.</u> He nonsuited every single party that he sued. You guys answered as a party that he didn't sue.  (emphasis added).

Wells Fargo Bank as Trustee never filed an answer prior to the nonsuit.  No appearance was made by WF prior to November 17, 2011.

The fact is, the case was dismissed in full, file closed, and without any warning, any hearing, any notice, the trial court decided to pull a closed file and put the case on the active docket long after the court lost jurisdiction.  Koonce has found no case in which a trial court has ever done this.  It appears to be a case of first impression.

Koonce's position is that the entire case was dismissed on November 17, 2011; 4 days later, WF filed an untimely cross-complaint.  It never appealed the dismissal, it fully litigated the same issues and the same case before Judge Baker, obtained a summary judgment based upon fraudulent statements (just like it previously won an appeal in this very court based upon fraudulent assignments); nor filed a motion for new trial until more than three

years later, three years too late. WF had 30 days from November 17, 2011 in which to file a Motion for New Trial. The trial court lost jurisdiction on December 17, 2011. More than 10 months later, the archived case was pulled and put back on the docket, breeding suspicion, disrespect and threatening the integrity of the judicial system.

No judge or clerk goes through closed files and randomly picks one out to place back on the active docket, especially when the court lost its plenary power more than nine months previous. This act stinks to high heaven of corruption, likely ex parte communication, special treatment and bias by a trial judge acting without authority or any power to do so.

The parties have a right to a fair trial under both the United States Constitution and the Texas Constitution. *See In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (holding that "[a] fair trial in a fair tribunal is a basic requirement of due process"); *Babcock v. Northwest Memorial Hosp.,* 767 S.W.2d 705, 708 (Tex.1989) (holding that, "[i]n Texas, the right to a fair and impartial trial is guaranteed by the Constitution"). In

Texas, part of the right to a fair and impartial trial is also secured by statute. *See* Tex.Gov't Code Ann. § 62.105 (Vernon 1988).

One of the most fundamental components of a fair trial is "a neutral and detached judge." *Ward v. Village of Monroeville,* 409 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972). A judge should be fair and impartial and not act as an advocate for any party. *Delaporte v. Preston Square, Inc.,* 680 S.W.2d 561, 563 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). A judge should not be any party's adversary. *Ex parte Finn,* 615 S.W.2d 293, 296 (Tex.Civ.App.—Dallas 1981, no writ); *see Delaporte,* 680 S.W.2d at 563. The impartiality of the judge is not only a matter of constitutional law, but of public policy, as well:

> Public policy demands that a judge who tries a case act with absolute impartiality. It further demands that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or the integrity of the court. Judicial decisions rendered under circumstances that suggest bias, prejudice or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the principles on which the judicial system is based.

CNA Ins. Co. v. Scheffey, 828 S.W.2d 785, 792 (Tex.App.—Texarkana 1992, writ denied) (citations omitted).

The preamble to the Texas Code of Judicial Conduct first reminds us of the role of the judiciary and provides that intrinsic to all sections of the code are the precepts that judges must respect and honor their judicial office as a public trust. TEX.CODE JUD. CONDUCT, Preamble. The individual canons are intended to state basic standards for judicial conduct and to provide guidance to judges. *Id.* Several of those canons are relevant to this Court's analysis of Koonce's issues.

Canon two provides that judges "should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and "shall not allow any relationship to influence judicial conduct or judgment." *Id.* Canon 2(A), (B). It follows that the judge may not "convey or permit others to convey the impression that they are in a special position to influence the judge." *Id.* Canon 2(B). Similarly, canon four cautions a judge to conduct all extra-judicial activities to avoid casting reasonable doubt on the judge's capacity to act impartially as a judge. *Id.* Canon 4(A).

15

Canon three also addresses the judge's duty of impartiality and prohibits, with limited exceptions, any direct or indirect ex parte communications concerning the merits of a pending or impending judicial proceeding. *Id.* Canon 3(B)(8). An ex parte communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter with the judge. *Erskine v. Baker,* 22 S.W.3d 537, 539 (Tex.App.-El Paso 2000, pet. denied). Ex parte communications are prohibited because they are inconsistent with the right of every litigant to be heard and with the principle of maintaining an impartial judiciary. *Abdygapparova v. State,* 243 S.W.3d 191, 208 (Tex. App.-San Antonio 2007, pet. ref'd). This proscription applies regardless of whether the communication occurs through a social media website, in the judge's chambers, or elsewhere. That is, while the internet and social media websites create new venues for communications, the court's analysis should not change because an ex parte communication occurs online or offline.

Our justice system's abhorrent reaction to ex parte communications is purposeful. Such communications undermine

the principle of transparency which is promoted by the option of conducting proceedings recorded in open court. The Texas Supreme Court has ruled that transparency is something "we strive to achieve in our legal system." *In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.,* 290 S.W.3d 204, 213 (Tex.2009). Ex parte communications do not promote that transparency.

WF, by objecting, makes the need to seek the truth even more paramount and the trial courts conduct more suspicious. Makes you wonder what they are trying to cover up and hide. WF had every opportunity to present any argument to the trial court below, but willfully failed to do so and claims it was never before the court below contrary to Appendix "a" attached hereto. Instead, when Koonce wants to seek the truth, WF goes out of it's way to move to strike a Writ, with absolutely no grounds to do so (there's a huge difference between a Writ and a Brief).

Judges and justices must take great care in preserving the integrity of the courts and the judicial process. If they do not, who will?

As noted by Roger D. Townsend, *Improper Jury Argument and Professionalism: Rethinking Standard Fire v. Reese,* 67 TEX. B.J. 448, 454 (2004)

> When [judges] abdicate [their] duty, professionalism suffers even more than when a lawyer makes an improper argument, for what is permitted is considered proper by the jury. *All judges who do not stop improper arguments*—and all trial lawyers who make improper arguments—have no business lamenting the public's low perception of lawyers. They need only look in the mirror.

The need to discover the truth of why the court placed the case on the docket after dismissal was final is paramount. It is highly likely this so-called random act was the result of an ex parte communication by WF and its attorneys, or some other improper means. It certainly has the appearance of impropriety, bias, and judicial misconduct.

The very integrity of the judicial systems is at risk. Public confidences are eroded when Judges are biased, special treatment is given to certain individuals or parties, and/or have ex parte communications.

Just because Koonce is pro se, doesn't mean the courts don't have to follow the rules.

**Records attached to Supplemental Writ:**

WF has failed to indentify which documents, if any, were not presented to the trial court for consideration, and Koonce therefore objects to this overly board statement and/or claim. Moreover, each case cited by WF deals with an appeal, and is not specific for a Writ. Nowhere in T.R.A.P. Rule 52 does it prohibit a person from including other records; in fact, T.R.A.P. Rule 52.3(k)(2) allows such records to be included. WF keeps attempting to use a brief standard for a Writ standard without citation to any authority to support its position.

Koonce cannot properly respond to this allegation because not one document has been identified by WF that allegedly wasn't before the trial court. Rather, WF makes a blanket, in broad language statement that "mandamus relief is nothing more than a conglomeration of documents that were not part of the trial court's record in this matter, and should not be considered by the Court." Without specific objection to a specific document, Koonce is unable to properly respond.

WF Issue C:  WF claims that the matter had been fully briefed in the original Writ, without referencing any particular pages, or headings.  The fact is, the original Writ did not discuss the actual manual which had just been obtained.  It makes one reference to the document at page 15 in the Statement of Facts.  There's also no heading regarding this specific issue, and a miscarriage of justice will occur if the Court doesn't allow it.

The supplementation was necessary.  If somewhere in the actual rules it requires Koonce to file a motion for leave, which Koonce has not located with regards to extraordinary Writs, Koonce therefore asks this Court for leave to file the supplemental Writ of Mandamus which is necessary for this appeal.

If we are to seek truth and justice, we must have all hidden facts revealed.  Judge Sandill and the clerk's placing this case back on the docket more than 9 months after the court lost jurisdiction is suspect of corruption.

Does the Court of Appeals and its clerk randomly pick out cases that have been dismissed and place them back on the active docket, without a motion?  Relator thinks not.

We need to ensure that justice has not been tainted by a trial judge or a clerk who may have acted in properly.

MOTION FOR SANCTIONS

Our justice system's abhorrent reaction to ex parte communications is purposeful. Such communications undermine the principle of transparency which is promoted by the option of conducting proceedings recorded in open court. The Texas Supreme Court has ruled that transparency is something "we strive to achieve in our legal system." *In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.,* 290 S.W.3d 204, 213 (Tex.2009). Ex parte communications do not promote that transparency.

WF, and its attorneys, have repeatedly made misrepresentations to this Court. In the prior appeal, this Court relied upon 2 assignments which were both dated 7 days prior to filing of their summary judgment motion of March 23, 2009, in affirming the trial court's decision. Before this Court now are two new assignments presented in Federal Court which are dated February 17, 2005. These two different assignments support that a

fraud was committed upon this Court by WF, and is further supported by WF Foreclosure manual. Wells Fargo also claimed that it accelerated its note and deed of Trust in the first appeal to this court, Appellate No. 01-10-00194-CV. It later claimed in the third lawsuit that it did not accelerate the note, contrary to an earlier position and prohibited through Judicial Estoppel. Now, WF asserts res judicata for a Summary Judgment order it obtained through means of fraud on the statute of limitations. WF talks out both sides of its mouth, and the courts have demonstrated extreme, prejudicial bias by allowing it to happen.

Any pro se litigant presenting such false documents, making clear contradictory statements would have their pleading struck without a second thought by the courts. Why is WF getting special treatment? WF and its attorneys should be sanctioned for presenting false and fabricated assignments, which is consistent with its policies and procedures as set forth in its Foreclosure Manual, false claims, intentionally misciting case law with the intent to deceive and misrepresent the law, as well as securing a summary judgment claiming that it did not accelerate the note and deed of trust despite the fact that it told this Court it had in fact

22

accelerated, and this Court relying upon that statement in affirming the trial court's granting of a motion for summary judgment. Furthermore, Wells Fargo claims in a notice of acceleration that Wells Fargo Bank, NA is the owner and holder of the note and deed of trust, and in this lawsuit claims it is Wells Fargo Bank, NA as trustee who's the owner and holder of the note and deed of trust. Wells Fargo has intentionally deceived Koonce as to who is the proper party in order to avoid the dismissal of their lawsuit. WF went into federal court in January 2015, claiming that it sued Koonce in the wrong court and therefore the statute of limitation is extended and their complaint is timely filed. This is exactly the type of conduct that warrants WF's pleadings to be struck because it thwarts the very foundation of justice and our judicial system. Wells Fargo should have its pleadings stuck, and this Court should reverse the trial court's order granting a new trial, with the inclusion that the case was dismissed in its entirety on November 17, 2015.

# PRAYER

For the above reasons, Realtor requests that this Court deny WF's Motion to Strike as being meritless, grant Realtor's request for sanctions against WF, including striking of its pleadings, and for such other and further relief as the court may deem just and proper.

Dated: November 02, 2015

Word Count per computer:  3,891

Respectfully submitted,


 /s/ Ernest Ray Koonce
Ernest Ray Koonce

## CERTIFICATION

By my signature above, I, Ernest Ray Koonce, the Realtor in the above styled case, do hereby certified that I have reviewed the Petition for Writ of Mandamus, the Supplementation and this Response to Wells Fargo's Motion to Strike, and conclude that every factual statement in the petition is supported by competent evidence including in the appendix's or record.

## CERTIFICATE OF SERVICE

Pursuant to Rule 21(a) of the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document has been sent to the following via efiling on this 2nd day of November 2015;

Bradley Chambers
Texas Bar No. 2400186
Valerie Henderson
Texas Bar No. 24078655
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com


 /s/ Ernest Ray Koonce
Ernest Ray Koonce

5/6/2015 5:01:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5182947
By: Susan Brooks
Filed: 5/6/2015 5:01:23 PM

CAUSE NO. 2010-64752

| | | |
|---|---|---|
| ERNEST RAY KOONCE, AND | § | IN THE DISTRICT COURT OF |
| JOYCE L. KOONCE, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOMEQ SERVICING, WELLS | § | |
| FARGO BANK, N.A., OCWEN | § | |
| LOAN SERVICING, LLC, MANN & | § | |
| STEVENS, P.C., | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE THAT A RULING ON HIS MOTION FOR ACCELERATED APPEAL IS OVERDUE AS A HEARING WAS SET BY SUBMISSION ON FEBRUARY 23, 2015, AND NOTICE THAT EVIDENCE IS MISSING IN CAUSE NO. 2007-30212 IN THE 127TH JUDICIAL DISTRICT COURT.

Comes now, Plaintiff, Ernest Ray Koonce, and files his notice to the Court that it has yet to make a ruling on his Motion for Interlocutory Appeal which was set for submission on February 23, 2015, more than 2 months ago. The Court of Appeals has inquired of Plaintiff of this court's ruling. Plaintiff therefore requests that this Court make a ruling forthwith. The appeal has already been filed in this matter, however, the Court of Appeals needs this Court's ruling.

Certified Document Number: 65318759 - Page 1 of 4

Also, this Court originally changed the case from dismissed (final) on November 17, 2011 to active sometime in 2012. No notice, no hearing, no anything was pending before the Court to justify that change. Although inquires have been made numerous times, no one seems to have an answer. Therefore, Plaintiff requests that this Court explain why it changed the final dismissal status of the case from dismissed final on November 17, 2011, and what prompted it to do so.

Furthermore, after Plaintiff ordered certified copies of Wells Fargo's Motion for Summary Judgment and Amended Motion for Summary Judgment from this Court's records in cause no. 2007-30212, and after Koonce had brought to the attention of the Court, including the federal Court, that there are two separate assignments with two entirely different dates, one attached to Wells Fargo's Motion for Summary Judgment and Amended Motion for Summary Judgment dated March 23, 2009, just 7 days before Wells Fargo filed it's Motion for Summary Judgment, and an entirely different set of assignments dated February 17, 2005, which it attached to its federal petition, the evidence is now missing. In other words, someone in the District Clerk's office, or

Certified Document Number: 65318759 - Page 2 of 4

more likely, the 127th Judicial District Court, intentionally removed or destroyed evidence which was attached to Wells Fargo's Amended Motion for Summary Judgment, which clearly demonstrates fraud. It's not coincidental that the very documents which support Koonce's fraud allegations are now conveniently missing from the court's records. Koonce demands that this Court provide an explanation for the missing documents as well as the change in the status on November 17, 2011 as dismissed to sometime in mid 2012 to active long after the Court lost its plenary power.

Wherefore Ernest Ray Koonce prays that this Court immediately, within 5 days of this notice that the Court's order is overdue, sign an order granting his motion for accelerated appeal, and provide an written explanation as to why and how the Court's initial dismissal of this case in it's entirety on November 17, 2011, changed from dismissed final, to active sometime in mid 2012, and what authority it had to change it, why it changed it, what prompted it to change the status, and what authority the Court had to change the status after it lost it's plenary power; an explanation as to what happened to the evidence Wells Fargo attached to its Motion for Summary Judgment and Amended Motion for Summary

Certified Document Number: 65318759 - Page 3 of 4

Judgment in cause no. 2007-30212, and for such other and further relief as the Court deems just and proper.

Dated:     May 6, 2015          Respectfully submitted,

/s/Ernest Ray Koonce
Ernest Ray Koonce
15938 Fleetwood Oaks Drive
Houston, Texas 77079
(832)328-7171
rayk469@yahoo.com

CERTIFICATE OF SERVICE

The above and foregoing document was served in accordance with Rule 21a on this 6th day of May 2015, on all interested parties in this case.

Certified Document Number: 65318759 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 2, 2015


Certified Document Number:        65318759 Total Pages:  4


Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/20/2015 3:23:52 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4234638
By: CABRERA, VALERY C
Filed: 2/20/2015 3:23:52 PM

Pgs-1

DISCY

CAUSE NO. 2010-64752

| | | |
|---|---|---|
| ERNEST RAY KOONCE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOMEQ SERVICING, WELLS FARGO | § | HARRIS COUNTY, TEXAS |
| BANK, N.A., OCWEN LOAN | § | |
| SERVICING, LLC, THOMAS E. REDER | § | |
| OR REX KESLER, PARK PLACE | § | |
| SECURITIES, INC. MANN & STEVENS, | § | |
| P.C., AND JOHN DOE 1 - 100, | § | |
| | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR ACCELERATED APPEAL

After considering Plaintiff/Counter-Defendant Ernest Koonce's ("Plaintiff") motion for accelerated appeal, Defendant/Counter-Plaintiff Wells Fargo Bank, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of April 1, 2005, Asset Backed Pass-Through Certificates, Series 2005-WHQ2's ("Wells Fargo, as Trustee") response, and additional briefing, if any, the Court finds that Plaintiff's motion for accelerated appeal is not meritorious and is, therefore, **DENIED** in its entirety.

SIGNED on _____, 2015.

Signed:
5/11/2015 _R Sordie_
PRESIDING JUDGE

1

Certified Document Number: 65382241 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 2, 2015

Certified Document Number:        65382241 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**